COMMONWEALTH vs. EUGENE C. THIBEAU.

Suffolk.   November 5, 1981. — December 17, 1981.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Narcotic Drugs.   Search and Seizure*, Threshold police inquiry, Bicyclist.

Observations by a police officer with experience and knowledge in the drug enforcement field that the defendant was riding a bicycle in the evening and that the defendant made a sudden left turn when he saw a police cruiser come alongside him did not constitute probable cause to stop the defendant and to seize envelopes sticking out of the defendant's pocket which the officer recognized as the kind commonly used in the packaging of narcotic drugs.   [763-764]

Where a police officer lacked probable cause to stop a defendant who was riding a bicycle and who made a sudden left turn as a police cruiser approached, the police officer could not rely on the defendant's subsequent flight when pursued to justify stopping the defendant. [764-765]

COMPLAINT received and sworn to in the West Roxbury Division of the District Court Department on September 1, 1979.

Upon appeal to the Boston Municipal Court Department the case was heard by *Umana*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Robert J. Doyle* for the defendant.

*Peter Grabler*, Legal Assistant to the District Attorney (*Michael J. Traft & James M. Lynch*, Assistant District Attorneys, with him) for the Commonwealth.

LYNCH, J.   We consider here the constitutionality of a warrantless search of a bicyclist.   The defendant was convicted of unauthorized possession of a controlled substance (phencyclidine, commonly known as PCP or angel dust) with intent to distribute.   The defendant appeals, question-

ing the denial of his motion to suppress the PCP found on
him. The Appeals Court, with one judge dissenting, af-
firmed the judgment. *Commonwealth* v. *Thibeau*, 11
Mass. App. Ct 677 (1981). Because the police officer was
not justified in stopping the defendant, we reverse.

The defendant was riding a bicycle down the middle of
Center Street in Jamaica Plain around 10 P.M. on August 31,
1979. A marked police car, followed by an unmarked one,
pulled up beside him. After looking toward the marked
cruiser on his right, the defendant turned sharply to his left
and pedalled down St. John Street. The officer in the un-
marked car pursued him, siren blaring. For some 200 to
250 yards, the officer was unable to maneuver past the de-
fendant, who alternately slowed and sped up on the bicycle.
When finally able to pull alongside the defendant, the offi-
cer reached out and grabbed the defendant, forcing him
and the bicycle to the sidewalk. He threw the defendant
across the hood of the cruiser, and then turned him around
so the two were facing. The officer noticed three manila-
type change envelopes protruding from one of the defend-
ant's pockets. Recognizing these as commonly used to pack-
age drugs, the officer seized them and six others he found in
a search of the defendant. The envelopes contained an herb
laced with PCP.

A police officer may stop a person for a threshold inquiry
where the officer has reasonable ground to suspect him of
criminal activity. See *Commonwealth* v. *Ferrara*, 376
Mass. 502, 504 (1978). His suspicion must "be based on
specific and articulable facts and the specific reasonable in-
ferences which follow from such facts in light of the officer's
experience." *Commonwealth* v. *Silva*, 366 Mass. 402, 406
(1974). The Commonwealth offers the following facts,
upon which the trial judge could have relied, to justify the
stop: the defendant was riding a bicycle; the officer, in his
five years of narcotics law enforcement, recognized an in-
creasing use of bicycles to transport illegal drugs; the de-
fendant made a sudden left turn down St. John Street; and
he fled when pursued. We hold as a matter of law that

these facts are insufficient to provide reasonable ground for a stop.

The facts and inferences underlying the officer's suspicion must be viewed as a whole when assessing the reasonableness of his acts. *United States* v. *Cortez*, 449 U.S. 411, 417-418 (1981). However, the defendant's flight from the officer's pursuit cannot be considered for this purpose. Stops provoke constitutional scrutiny because they encumber one's freedom of movement. Pursuit that appears designed to effect a stop is no less intrusive than a stop itself. In other words, the officer's right to pursue when a stop appears imminent can be no broader than his right to stop. Thus, his suspicion must be reasonable *before* the pursuit begins. Were the rule otherwise, the police could turn a hunch into a reasonable suspicion by inducing the conduct justifying the suspicion. For present purposes, a stop starts when pursuit begins. See *State* v. *Saia*, 302 So. 2d 869, 873 (La. 1974), cert. denied, 420 U.S. 1008 (1975).

Thus, the reasonableness of the officer's suspicion must be assessed on the basis of two factors: the defendant's use of a bicycle and his sudden left turn.

These circumstances are probably less suspicious than those in *Commonwealth* v. *Bacon*, 381 Mass. 642 (1980). There two young-looking men drove by the police in a relatively expensive car on a Saturday morning about 4:10 A.M. The operator obstructed his face from view with his hand. The officers testified that, in whole or in large part, they stopped the car for running a red light. However, the trial judge disbelieved their testimony that a traffic violation had occurred. We held the stop unjustified, though we noted our reluctance to rule that concealing one's face, *combined with other circumstances*, could never warrant an investigatory stop. Here, all we have is a quick maneuver on a bicycle. No other circumstances are in the record. This maneuver, however dramatic, cannot rise to the level of suspiciousness justifying an investigatory stop. See *State* v. *Truss*, 317 So. 2d 177 (La. 1975) (defendant's startled look at the sight of police officers and his walking away from

them did not justify an investigatory stop). Compare *United States* v. *Viegas*, 639 F.2d 42 (1st Cir.), cert. denied, 451 U.S. 970 (1981) (a series of suspicious acts combined with the defendant's arrival from a known drug distribution center held to justify an investigatory stop).

In addition to challenging the propriety of the stop, the defendant questions the trial judge's inference of intent to distribute. The sole evidence of that intent was the PCP seized; the record is silent on the number of doses or quantity of PCP involved. While we need not reach this point, we note that the number of packets into which the drug was divided, absent any evidence of quantity, is doubtful proof of intent to distribute.

Since the stop was not justified, the PCP should have been suppressed. The order denying the motion to suppress is reversed. In this case it is clear that if the motion to suppress had been allowed, the evidence that remained would have been insufficient to support a conviction. The defendant's motion for a required finding of not guilty must now be allowed.

*Judgment reversed.*

*Finding set aside.*

*Judgment for the defendant.*