COMMONWEALTH *vs.* JOHN J. CROWLEY, JR. January 25, 1982. It was error to deny the defendant's motion to suppress the drugs which the officer found in the defendant's jacket pocket during a "stop and frisk" of the defendant and his companion. The officer stopped the defendant after he had received information at roll call that the defendant, who was known to the officer from a previous arrest, might be selling drugs at the approximate location where he was subsequently seen. Although the officer was not aware of the factual basis underlying the roll call information, and did not observe any behavior which would furnish probable cause to arrest the defendant (see *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 55 [1974]; *Commonwealth* v. *Wainio*, 7 Mass. App. Ct. 863 [1979]), the roll call warning and the subsequent encounter with the defendant at the predicted location gave the officer adequate reason to stop the defendant for the purpose of making a limited inquiry regarding his activity in the area. See *Commonwealth* v. *Anderson*, 366 Mass. 394, 397-399 (1974); *Commonwealth* v. *McCauley*, 11 Mass. App. Ct. 780, 782-784 (1981). After the stop, the officer would have been justified in frisking the defendant if he had reason to fear that the defendant possessed a weapon. See *Terry* v. *Ohio*, 392 U.S. 1, 30 (1968); *Commonwealth* v. *Silva*, 366 Mass. 402, 405 (1974). Here, however, there was no evidence to support such a fear. The officer first searched a paper bag held by the defendant's companion (which was empty) and then frisked the companion (finding no weapon) before telling the defendant "you're next." Meanwhile, the defendant had made no threatening gesture or suspicious movement, but had merely stood by passively. At this point a frisk of the defendant was "not supported by a reasonable belief that [the defendant] was armed and presently dangerous, a belief which . . . must form the predicate to a patdown of a person for weapons." *Ybarra* v. *Illinois*, 444 U.S. 85, 92-93 (1979). *Terry* v. *Ohio*, *supra* at 21-24, 27. Prior to the frisk, neither facts known by the officer before the stop (contrast *Commonwealth* v. *Anderson*, *supra* at 395-396, 399-400; *Commonwealth* v. *McCauley*, *supra* at 781-782, 784) nor the defendant's reputation (compare *Commonwealth* v. *Ballou*, 350 Mass. 751, 752-755 [1966], cert. denied, 385 U.S. 1031 [1967]) nor the defendant's demeanor during the stop (compare *Commonwealth* v. *Lehan*, 347 Mass. 197, 199-202 [1964]; *Commonwealth* v. *Hawkes*, 362 Mass. 786, 787-789 [1973]), could reasonably have put the officer in fear of his safety or have furnished him with reason to believe that the defendant was an armed and dangerous individual. It is clear from the officer's own testimony that the so called furtive or evasive movement made by the defendant occurred after the officer had begun to frisk the defendant and, as a result, cannot be used to validate an otherwise illegal intrusion. See *Commonwealth* v. *Thibeau*, 384 Mass. 762, 764 (1981). See also *Commonwealth* v. *Pigaga*, 12 Mass. App. Ct. 960 (1981), and full discussion of the dispositive factors in the majority opinion in *Commonwealth* v. *Loughlin*, 385 Mass. 60 (1982). There is nothing

in *Adams* v. *Williams*, 407 U.S. 143 (1972), which calls for a contrary result here. The defendant's motion to suppress the drugs seized from his person, and his motions for required findings of not guilty, should have been allowed. Since it is clear that the Commonwealth has no reasonable prospect of making its proof without reference to the suppressed evidence, judgments must be entered for the defendant. *Commonwealth* v. *Taylor*, 383 Mass. 272, 285 n.17 (1981).

*Judgments reversed.*

*Findings set aside.*

*Judgments for the defendant.*

*Jane Larmon White* for the defendant.

*Peter Grabler*, Legal Assistant to the District Attorney, for the Commonwealth.