COMMONWEALTH *vs.* DENNIS O'LAUGHLIN. No. 87-1042. April 28, 1988. *Search and Seizure,* Threshold police inquiry. *Constitutional Law,* Search and seizure.

Convicted of possession of heroin with the intent to distribute that substance (G. L. c. 94C, § 32), the defendant claims that it was error to deny his motion to suppress evidence, a cloth jacket and its contents, thrown by him from his car while being pursued by the police. Because we conclude that the officers lacked reasonable suspicion to stop the defendant at the point that they began their pursuit of him, we reverse the conviction.

We recite the facts (which are supported by the evidence) as found by the judge. On August 11, 1986, a Massachusetts State trooper and a Federal agent were carrying out a narcotics investigation at Logan Airport. They were in plainclothes at the shuttle side of the Eastern Airlines terminal watching passengers arrive on the 6:00 P.M. flight from New York.

The defendant was one of the last passengers off the plane. He carried only a cloth jacket and walked rapidly. The officers decided to follow him. The defendant went to an ice cream shop within the terminal, bought a soda, and continued on his way through the terminal. He walked past the baggage area without retrieving any luggage.

At some point along his path, the defendant noticed that he was being followed. He kept looking back at the officers as he walked towards the exit. Each time that he quickened his pace, so did the officers. Finally, the defendant broke into a run, and the chase began.

The officers pursued the defendant from the terminal, into the central parking garage, and up a staircase to the second level. The defendant ran to a green automobile, and as he was getting into it, the officers displayed

their badges. The defendant drove off at such a high rate of speed that his tires were squealing. The trooper ran to the lower level, with his gun drawn, so that he could stop the defendant when he reached that level.

Seeing the trooper in the distance, the defendant stopped the car and turned around. The trooper then ordered a tow truck to seal off the exit ramp from the garage. When the defendant came to the ramp, he threw his jacket from the car, turned around, and drove to an upper level. He abandoned the car and escaped on foot. There were three needles, 175 bags of heroin, and a plane ticket in the jacket. The defendant was arrested later that day.

A person may be stopped by a police officer for a threshold inquiry where the officer has reasonable ground to suspect him of criminal activity. *Commonwealth* v. *Thibeau*, 384 Mass. 762, 763 (1981). "For present purposes, a stop starts when pursuit begins." *Id*. at 764. "An attempt to avoid contact with or observation by the police, while not enough in itself to justify a suspicion, may be considered along with other facts; an attempt to elude the police once pursuit begins may not be considered." *Commonwealth* v. *Wren*, 391 Mass. 705, 708 n.2 (1984). The judge found that the pursuit began some time after the defendant started to run through the terminal and out the door. See *Commonwealth* v. *Wooden*, 13 Mass. App. Ct. 417, 419-420 (1982); *Commonwealth* v. *Oreto*, 20 Mass. App. Ct. 581, 584-586 (1985); *Commonwealth* v. *Jiminez*, 22 Mass. App. Ct. 286, 288-290 (1986). Even if the pursuit did not begin, in the sense that it was the equivalent of a stop, until the officers showed their badges, their observations up to that point did not justify their having more than a hunch that the defendant was up to some mischief. See *Reid* v. *Georgia*, 448 U.S. 438, 439-441 (1980). We do not think it significant that one of the last passengers off a shuttle flight from New York to Boston, in August, carried only a cloth jacket. Further, that this person walked rapidly through the terminal, stopped to buy a soda, and looked back at two strangers in plainclothes apparently following him, and then ran to his car, does not, in our view, assist the Commonwealth. Such behavior could also describe a large class of innocent travelers, particularly in circumstances that could make them reasonably fearful for their safety. *Ibid*.

This case is controlled by *Commonwealth* v. *Bacon*, 381 Mass. 642, 645-646 (1980), and *Commonwealth* v. *Thibeau*, 384 Mass. at 763-764. See also *Florida* v. *Royer*, 460 U.S. 491, 497 (1983). The officers' suspicion "must be reasonable *before* the pursuit begins. Were the rule otherwise, the police could turn a hunch into a reasonable suspicion by inducing the conduct justifying the suspicion" (emphasis in original). *Commonwealth* v. *Thibeau*, 384 Mass. at 764. See also *Florida* v. *Royer*, 460 U.S. 491, 497-498 (1983). Our opinion in *Commonwealth* v. *Groves*, ante 933, 935 (1987), is not to the contrary. There the defendants conceded that their traffic violations independently would have justified pursuit at that moment. We concluded that the officers' activities prior to their observations of the

traffic violations amounted to proper and unoffensive surveillance and not an attempt to stop the defendants.

"[B]ecause the initial [pursuit] was improper and the [defendant's] subsequent actions occurred as an immediate and direct result of that illegality, the Commonwealth is not entitled to introduce in evidence the fruit[s] of the unlawful act." *Commonwealth* v. *Borges*, 395 Mass. 788, 795 (1985). Compare *Commonwealth* v. *Wooden*, 13 Mass. App. Ct. at 420.

Had the motion to suppress been allowed, the Commonwealth would have had no evidence against the defendant, who moved for a required finding of not guilty. He is now entitled to the entry of such a finding. See *Commonwealth* v. *Taylor*, 383 Mass. 272, 283-285 & n.17 (1981); *Commonwealth* v. *Thibeau*, 384 Mass. at 765.

*Judgment reversed.*

*Verdict set aside.*

*Judgment for the defendant.*

*Gordon A. Oppenheim,* Committee for Public Counsel Services, for the defendant.

*Kevin J. Ross,* Assistant District Attorney, for the Commonwealth.