COMMONWEALTH vs. JOSE A. VANDERLINDE. No. 88-P-545. March 2, 1989. *Threshold Police Inquiry. Search and Seizure,* Automobile. *Constitutional Law,* Search and Seizure.

The defendant appeals from his conviction of possession of cocaine with intent to distribute. See G. L. c. 94C, § 32A. The sole issue raised is the correctness of a ruling denying a motion to suppress the cocaine as the product of an unlawful search.

The judge made findings which were warranted by the evidence. Two police officers, stopped for a red light at a junction with the McLellan Highway in East Boston, observed a purple Pontiac Trans Am traveling on the highway at a high rate of speed. The officers turned on flashing lights and siren and pursued the vehicle over a course of three to four miles, clocking its speed at seventy-five miles per hour as it wove in and out of traffic. (The posted limits over the course of the pursuit ranged from thirty-five to fifty.) When the vehicle stopped, the officers approached on foot. Three men were in the car. They appeared uneasy. The passenger in the rear seat shifted his position. The police, apprehensive, asked the driver (Vanderlinde) for his license and registration. Vanderlinde said something in Spanish to the front seat passenger (Lopez). Lopez responded. The officers did not understand what was said. Vanderlinde produced a license from his wallet, then a registration (the officers could not see where it came from). The documents seemed to be in order. The officer on the passenger side saw Lopez reach into the well between the driver's and front passenger's seats. He yelled to the other officer to "be careful" or "watch out." Both

officers stepped back and drew their guns. They ordered the occupants to keep their hands in front of them and to step out of the vehicle. As one officer guarded the three occupants, the other reached into the well area and found an open brown bag with a clear plastic bag of cocaine inside.

The officers informed the occupants that they were under arrest and searched them. Lopez and Vanderlinde had substantial sums of cash. One officer took the keys from the ignition and opened the trunk. Inside was a closed paper bag which contained a clear plastic bag, also of cocaine.

In his argument the defendant focuses exclusively (as do we) on the events leading to the discovery of the first bag of cocaine. The traffic violations justified the pursuit and the stop. *Commonwealth* v. *Hawkes*, 362 Mass. 786, 788 (1973). *Commonwealth* v. *Bacon*, 381 Mass. 642, 644 (1980). This was not a routine traffic violation where reason for inquiry normally terminates with the production of a valid license and registration. See *Commonwealth* v. *King*, 389 Mass. 233, 244 (1983), and cases cited in n. 15. Here the circumstances of the chase gave the police officers objective reason to be concerned for their safety. The officers were justified in fearing that Lopez's purpose in reaching into the well might be to obtain a gun. Ordering the occupants to leave the car with hands exposed, and then looking into the well area to see if it contained a gun, fell well within the principles explicated in *Commonwealth* v. *Silva*, 366 Mass. 402, 408-409 (1974), and *Commonwealth* v. *Almeida*, 373 Mass. 266, 272 (1977).

The defendant was not convicted of *trafficking* in cocaine, G. L. c. 94C, § 32E, the punishment for which turns on the precise quantities found. Perhaps for that reason, the defendant does not contest the validity of the trunk search and the admissibility of the additional cocaine that it produced.

*Judgment affirmed.*

The case was submitted on briefs.

*Ronald Ian Segal* for the defendant.

*Newman Flanagan,* District Attorney, *Deborah E. Breen & Carmel Motherway,* Assistant District Attorneys, for the Commonwealth.