Chernoff, J.
The defendant is charged with drug trafficking stemming from his alleged participation in a 400-gram cocaine transaction on August 30, 1991. A DEA confidential informant named Michael Francis introduced a DEA agent to the defendant in April 1991 and discussions ensued over a period of time concerning the defendant brokering a large cocaine deal from his suppliers Soto, an Hispanic male, and Issa, the owner of a Getty gas station. Francis agreed to carry a transmitter to record his conversations with the defendant. Almost twenty hours of recorded conversations resulted from meetings on June 6, June 10, August 29, and August 30. These conversations involved the defendant and Francis and, from time to time, a DEA agent, Soto, and/or Issa. These conversations occurred in a sports lounge, in a service station, outside a service station, in a parking lot, and in a vehicle.
The government did not decide that it was going to seek admission of the tapes at trial until the eve of trial, after the assistant district attorney had personally interviewed the confidential informant who is now a federal prisoner brought in from New York state. The government seeks admission asserting: that chapter 272, §99 is not applicable; and that there was no violation of article 14 of the Declaration of Rights.
This judge agrees that the activity was outside the requisites of chapter 272 on two grounds: that there was not a statutory “interception” because there was a one-party consent wire communication in the course of an investigation of a designated offense;[1] and this involved an investigation by federal law enforcement *415 officers acting within the scope of their authority in compliance with federal law[2] regarding the investigation of a designated offense.[3] What remains is consideration of the compliance with art. 14. In Commonwealth v. Blood, 400 Mass. 61 (1987), the court found that one-party consent electronic eavesdropping in a prívate home required a warrant notwithstanding the fact that the recordings fulfilled the provisions of c. 272, §99334. In Commonwealth v. Price, 408 Mass. 668 (1990), the court found that a videotaped arms-length drug transaction in a hotel room pursuant to a warrant which authorized only the audio portion of the taping was not violative of article 14 because the expectation of privacy was not reasonable under the circumstances. The court specifically declined to rule on a situation where, as here, there was no warrant.
The Commonwealth’s position is that one-party consent electronic eavesdropping is authorized without a warrant whenever there is a drug investigation in an area where there is not a reasonable expectation of privacy, such as a hotel room, gas station, or automobile. The Commonwealth does not assert that probable cause and/or exigent circumstances are relevant factors. The Commonwealth cites the case of Commonwealth v. Panetti, 406 Mass. 230 (1989), for authority that law enforcement officials may eavesdrop where there is no reasonable expectation of privacy. Electronic eavesdropping is far more intrusive than simple eavesdropping where one secrets oneself within earshot of another or places oneself in a peculiarly advantageous position to make observations.[4] Thus this Court has reservations with the Commonwealth’s position. Commonwealth v. O'Laughlin, 25 Mass.App.Ct. 998 (1988), teaches that a standard of reasonable suspicion must be satisfied for law enforcement officers to even commence pursuit of a citizen in a public place, such as an airport.
Should the defendant, in his defense at trial, seek to show that his participation in the drug transactions was the product of duress and coercion visited upon him by the DEA informant, then this Court might be persuaded to allow into evidence so much of the recordings which depict communications from the informant to the defendant so that the jury may evaluate whether the content and manner of these communications indicate coercion or lack of coercion.
Accordingly, this Court denies the Commonwealth’s request to admit recordings of the conversations between the informant and the defendant. Obviously, percipient witnesses to these conversations may testify to their content. See, Jarabek, supra at 297-99.

 MGL Chapter 272, Section 99B4

 MGL Chapter 272, Section 99Dl(c)

 Commonwealth v. Jarabek, 384 Mass. 293 (1981).

 In Commonwealth v. One 1985 Ford Thunderbird Automobile, 416 Mass. 603 (1993), there was neither a Fourth Amendment nor an article 14 violation where a helicopter, on reasonable suspicion, flew over a backyard in-ground swimming pool and hundreds of potted marijuana plants were visible to officers who were at least 700 feet aloft viewing with the aid of binoculars.