COMMONWEALTH vs. BRENDA J. DAVIS.

No. 95-P-2063.

Hampden. October 22, 1996. - December 16, 1996.

Present: SMITH, PORADA, & FLANNERY, JJ.

*Practice, Criminal,* Motion to suppress, Interlocutory appeal. *Constitutional Law,* Search and seizure. *Search and Seizure,* Threshold police inquiry, Protective frisk.

A State trooper who had stopped an automobile for a civil motor vehicle infraction did not have an objectively reasonable belief, in the circumstances, that her safety was in danger; consequently evidence discovered and seized as a result of the trooper's pat frisk of the driver was properly ordered suppressed. [796-797]

The Commonwealth properly brought an interlocutory appeal pursuant to Mass. R. Crim. P. 15(a), as then in effect, from a District Court judge's allowance of a criminal defendant's motion to suppress evidence. [797]

COMPLAINTS received and sworn to in the Springfield Division of the District Court Department on March 24, 1994, and August 23, 1994, respectively.

A pretrial motion to suppress evidence was heard by *William W. Teahan, Jr.,* J.

*Michael J. Hickson,* Assistant District Attorney, for the Commonwealth.

*Steven L. Winniman* for the defendant.

FLANNERY, J. The defendant was charged with possession of marihuana in violation of G. L. c. 94C, § 34; possession of a firearm without a firearm identification card, in violation of c. 269, § 10(*h*); possession of ammunition without a firearm identification card, in violation of c. 140, § 129C; possession of a firearm with an obliterated serial number while in the attempted commission of a felony, in violation of c. 269, § 11B; and speeding, a civil infraction, under c. 90, § 17. The Commonwealth later brought an additional charge against the de-

fendant for possession of a firearm in a vehicle without a license, in violation of c. 269, § 10(*a*).[1]

A District Court judge held an evidentiary hearing on the defendant's motion to suppress as evidence a plastic baggie containing a leafy substance alleged to be marihuana, an item alleged to be a .22 caliber Jennings automatic firearm, and items alleged to be ammunition. Thereafter, the judge allowed the defendant's motion to suppress and issued written findings of fact and rulings of law in support of his decision. The Commonwealth brings this interlocutory appeal pursuant to Mass.R.Crim.P. 15, 378 Mass. 882 (1979), and G. L. c. 278, § 28E. See *Commonwealth* v. *Bouvier*, 399 Mass. 1002, 1003 (1987). We affirm.

The relevant facts found by the judge are as follows. On March 23, 1994, at approximately 9:20 P.M., State Trooper Pamela Larose stopped the defendant on Route 391 in Chicopee. The defendant allegedly had been tailgating the trooper's cruiser when she suddenly took an exit ramp and then reappeared from an entrance ramp back onto the road. When Larose put on her blue lights, the defendant immediately pulled over. When Larose asked the defendant why she had been travelling so close to the trooper's cruiser, the defendant denied knowing that she was tailgating the cruiser. Larose verified that the defendant's license and registration were in order and then gave her a verbal warning.

As the trooper returned to her cruiser after this encounter, she noticed that the defendant drove away at an excessive rate of speed. Larose pursued the defendant onto Interstate 91 and clocked her going eighty-five miles per hour in a fifty-five mile per hour speed zone. She activated her lights again, and the defendant stopped immediately. As Larose approached the defendant's vehicle, she noticed that the defendant was hitting the steering wheel and moving about in the seat in an agitated manner. When Larose asked the defendant why she was speeding, the defendant replied that she was trying to get home. At this time the trooper noticed that the defendant's eyes appeared glassy and bloodshot. Larose asked the defendant to perform four field sobriety tests, which she completed successfully. The trooper did not contemplate ar-

---

[1] A nolle prosequi was subsequently entered on the charge under c. 269, § 10(*h*).

resting the defendant for driving under the influence or for any other crime.

Larose then asked the defendant if she had any sharp objects on her. When the defendant responded in the negative, Larose decided to pat frisk the defendant because she felt concern for her own safety on account of the defendant's jittery behavior. As Larose began a pat frisk of the defendant, the defendant removed a bag from her coat pocket and stated: "That's my pot." The trooper arrested the defendant and proceeded to perform an inventory search of the defendant's car, whereupon Larose discovered a firearm and ammunition.

In reviewing a ruling on a motion to suppress, we accept the motion judge's subsidiary findings unless there is clear error, and we give substantial deference to the judge's ultimate findings. *Commonwealth* v. *Colon-Cruz*, 408 Mass. 533, 538 (1990). We make an independent determination of the judge's application of constitutional principles to the facts as found. *Commonwealth* v. *Mercado*, 422 Mass. 367, 369 (1996).

On this appeal, the Commonwealth argues that the motion judge erred in allowing the defendant's motion to suppress evidence on the ground that the State trooper's pat frisk of the defendant violated the Fourth Amendment to the United States Constitution. In *Terry* v. *Ohio*, 392 U.S. 1, 17 (1968), the Court stated that a pat-down is "a serious intrusion upon the sanctity of the person . . . and . . . is not to be undertaken lightly." A trooper has a right to make a threshold inquiry where a suspect's conduct gives the trooper reason to suspect that person has committed, is committing, or is about to commit a crime. *Commonwealth* v. *Silva*, 366 Mass. 402, 405 (1974). In determining whether a pat frisk was constitutionally initiated, the issue is "whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry* v. *Ohio*, 392 U.S. at 27. There must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the trooper where she has reason to believe that she is dealing with an armed and dangerous individual, regardless of whether she has probable cause to arrest the individual for a crime. *Ibid.* See *Commonwealth* v. *Silva*, 366 Mass. at 405; *Commonwealth* v. *Crowley*, 13 Mass. App. Ct. 915 (1982). The right to search a person may not be based on a mere hunch, and simple good faith on the part of the arresting of-

ficer is not enough to justify a search. *Terry* v. *Ohio*, 392 U.S. at 22. *Commonwealth* v. *Silva*, 366 Mass. at 406.

The judge determined that this case presented an automobile stop for a civil motor vehicle infraction, with no cause before the initiation of the frisk to believe any criminal offense had occurred. He further found that the defendant's conduct in the operation of her car was sufficient to cause concern and that her demeanor was nervous and agitated. The judge concluded, however, that no gesture or conduct indicated the presence of a weapon on her person or in her immediate vicinity. In sum, the judge found that the trooper's decision to frisk was based upon a hunch rather than reasonable suspicion that the trooper's safety was endangered. He concluded that evidence resulting from the unlawful search must be suppressed. We agree.

The Commonwealth argues that Larose's decision to initiate a pat frisk of the defendant was warranted by a combination of factors that, taken together, amounted to the requisite reasonable belief that her safety was in danger. These facts are (1) the defendant had driven her car in a hazardous manner; (2) the trooper had stopped the defendant for tailgating the trooper's cruiser, which is highly unusual behavior; (3) the defendant's account of her travels did not make sense and was contradicted by facts known to the officer; and (4) the defendant was emotionally agitated when Larose encountered her on both occasions.

In weighing these factors against the defendant's rights under the Fourth Amendment, we disagree with the Commonwealth's contention that the pat frisk was justified in order to protect Larose from harm by the defendant. Mere nervousness is an insufficient basis on which to establish probable cause to search an individual. *Commonwealth* v. *Gutierrez*, 26 Mass. App. Ct. 42, 46 (1988). During both stops by Larose, the defendant cooperated and complied peaceably with the trooper's requests. Compare *Commonwealth* v. *Johnson*, 413 Mass. 598, 601 (1992). The defendant had a valid license and registration. Nothing about her clothing or movements suggested that she might be armed and dangerous. Contrast *Commonwealth* v. *Fraser*, 410 Mass. 541, 545 (1991). Larose had no knowledge of any facts about the defendant before the frisk that reasonably could have put the officer in fear for her safety. Cf. *Commonwealth* v. *Crowley*,

13 Mass. App. Ct. at 915. As a result of the illegality, the fruits of the search must be suppressed. *Commonwealth* v. *Ferrara*, 376 Mass. 502, 505 (1978). *Commonwealth* v. *Ellsworth, ante* 554, 557 (1996). Accordingly, we affirm the judge's order.

Also raised on this appeal is a contention by the defendant that the Commonwealth has improperly brought this interlocutory appeal directly to the Appeals Court, rather than first obtaining leave from a single justice of the Supreme Judicial Court, as required by Mass.R.Crim.P. 15(b)(2), 378 Mass. 884 (1979) (applicable to District Court jury sessions) (as then in effect). We hold that the Commonwealth properly presented this appeal pursuant to Mass.R.Crim.P. 15(a), 378 Mass. 882 (1979) (as then in effect).

The Commonwealth instituted the criminal proceedings at hand against the defendant in March 1994, subsequent to the adoption of the "one-trial system" in the District Courts. At that time, however, Mass.R.Crim.P. 15(a)(2), 378 Mass. 882 (1979) (applicable to District Court nonjury sessions) provided that the Commonwealth could prosecute an interlocutory appeal to the Appeals Court from a District Court judge's decision granting a motion to suppress. The defendant brought her motion to suppress in the District Court, i.e., the first tier of the one-trial system. Because a District Court judge hears this type of motion before a defendant is transferred to the second tier of the system, the jury session, rule 15(a) applied to the circumstances of this case. Therefore, the defendant's contention that the Commonwealth should have proceeded under rule 15(b), which at the time of this appeal applied to interlocutory appeals from the Superior Court and jury sessions in the District Court, is incorrect.[2]

*Order allowing motion to
suppress affirmed.*

---

[2]We note that a recent amendment of Mass.R.Crim.P. 15, 422 Mass. 1501 (effective March 1, 1996), makes it less likely that the confusion engendered in this case will recur.