# RESCRIPT OPINIONS.

COMMONWEALTH *vs*. LUIS C. CARDOSO. No. 97-P-1047. December 3, 1998. *Search and Seizure,* Threshold police inquiry, Automobile. *Constitutional Law,* Search and seizure.

A State trooper stopped a car, in which the defendant was the front seat passenger, on a State highway in Brockton at 9:30 A.M. on September 14, 1996, for lack of an inspection sticker. Although the driver of the car promptly produced his license, the trooper focused his attention on the defendant, who was "fidgeting quite a bit in his seat." The defendant's head was moving side to side, his shoulders were moving, his feet were moving, he kept his hands tight to his body, and he would not make eye contact with the trooper. The defendant's "unusual" movements made the trooper fear for his safety. He "felt as if [the defendant] was hiding something" and asked the defendant to get out of the car. A search of the defendant revealed a handgun in the defendant's waistband under his loose-fitting sweat shirt. Finding that the trooper's "reason for pat-frisking the defendant was based on a hunch rather than reasonable articulable circumstances," a District Court judge allowed the defendant's motion to suppress the gun.

"It is well settled that a police inquiry in a routine traffic stop must end on the production of a valid license and registration unless the police have grounds for inferring that 'either the operator or his passengers were involved in the commission of a crime . . . or engaged in other suspicious conduct' " (citation omitted). *Commonwealth* v. *Torres,* 424 Mass. 153, 158 (1997). Here, the driver did produce a valid license and there is nothing in the record concerning the production or lack thereof of the car's registration. Therefore, neither the license nor the registration provided authority for the "stop and frisk."

We must then ask "whether a reasonably prudent [person] in the [trooper's] position would [have] be[en] warranted in the belief that the safety of the police or that of other persons was in danger." *Commonwealth* v. *Silva,* 366 Mass. 402, 406 (1974). See *Terry* v. *Ohio,* 392 U.S. 1, 27 (1968). The officer must have a "reasonable suspicion that criminal activity was afoot." *Commonwealth* v. *Torres,* 424 Mass. at 159. "A mere 'hunch' is not enough. Simple good faith on the part of the officer is not enough." *Commonwealth* v. *Silva,* 366 Mass. at 406.

On the evidence here, the District Court judge, who had the advantage of hearing the trooper's testimony, reasonably could conclude that there was not "a legally sufficient basis . . . in terms of reasonable suspicion grounded in specific, articulable facts" to support the search of the defendant. *Commonwealth* v. *Torres,* 424 Mass. at 158. As counsel for the defendant argued

to the motion judge, the trooper may have been genuinely apprehensive, "[b]ut there [was] no legal basis for that apprehension to result in a search." See *Commonwealth* v. *Loughlin*, 385 Mass. 60, 61-62 (1982) (facts that one occupant of disabled vehicle "walked quickly" and entered the vehicle when police cruiser approached and other occupant "quickly ducked out of sight" in the car, then jumped out and rapidly approached the officer not a basis for initial inquiry and protective frisk once driver had produced license and registration); *Commonwealth* v. *Torres*, *supra* at 155, 159 (failing to acknowledge officer at window for twenty seconds and getting out of car when officer tapped on window insufficient to support continued detention), and cases cited at 159-160; *Commonwealth* v. *Davis*, 41 Mass. App. Ct. 793, 796 (1996) (motor vehicle infraction combined with nervous and agitated behavior not sufficient to justify protective search).

By contrast, cases in which a court has concluded that a police officer's safety concerns justified a "stop and frisk" generally include more "articulable facts." See *Commonwealth* v. *Johnson*, 413 Mass. 598, 600-601 (1992) (driver put something inside his waistband after trying to evade police); *Commonwealth* v. *Vanderlinde*, 27 Mass. App. Ct. 1103, 1103-1104 (1989) (front seat passenger reached into the well between the front seats); *Commonwealth* v. *Almeida*, 373 Mass. 266, 271-272 (1977) (driver who failed to produce registration in high crime area, late at night, very careful not to open the console too wide when retrieving wallet); *Commonwealth* v. *Rivera*, 33 Mass. App. Ct. 311, 314-315 (1992) (driver had no license, police officer noticeably outnumbered, aluminum baseball bat under front passenger seat, and back seat passenger holding a large "boom box" in which weapon could have been secreted).

*Order allowing motion to suppress affirmed.*

*William McCauley*, Assistant District Attorney, for the Commonwealth.

*David M. Asack* for the defendant.