COMMONWEALTH *vs.* GREGORY WRIGHT. No. 98-P-825. November 26, 1999.
*Firearms. Search and Seizure*, Arrest.

On patrol in a police cruiser in a high crime district, three officers came upon a group of eight black youths in their mid to late teens, all in black clothing, two with black hoods up despite summer heat. One of the group had been arrested previously. The cruiser drew up to the youths. The defendant, who had made brief eye contact with the officers, put his right hand in his

pants pocket and started walking faster than the group. Two of the officers stayed with the remaining seven youths. One officer told the defendant to stop. The defendant ignored the order and kept walking away. The officer then positioned himself in front of the defendant, told him again to stop, and grabbed his right arm, directing him to remove it from his pocket. The officers then pat-frisked the pocket, feeling a hard object, and asked, "Is this what I think it is?" The defendant answered yes, and the officer removed a .25 caliber, semiautomatic pistol. The motion judge denied the defendant's motion to suppress the pistol, and the defendant was convicted of unlawful possession of a firearm, G. L. c. 269, § 10(a).

The motion to suppress the gun should have been allowed. There is no question that, if the officers had reasonable suspicion to justify a *Terry* stop (*Terry* v. *Ohio*, 392 U.S. 1 [1968]), they could effect a limited search for weapons to safeguard themselves from attack. See *Commonwealth* v. *Ballou*, 350 Mass. 751, 755 (1966); *Commonwealth* v. *Fraser*, 410 Mass. 541, 544-547 (1991). What they lacked, however, were reasonable grounds or suspicion to justify a *Terry* detention. There had been no report of a crime or of a weapon. Contrast *Commonwealth* v. *Fraser, supra*; *Commonwealth* v. *Stoute*, 422 Mass. 782, 789-791 (1996); *Commonwealth* v. *Gunther G.*, 45 Mass. App. Ct. 116, 118-119 (1998). The officers had observed no motion suggestive of drug dealing or other crime. Compare *Commonwealth* v. *Lara*, 39 Mass. App. Ct. 546, 547-548 (1995). The defendant's evasion of the police by walking away did not by itself suffice to create articulable suspicion. See *Commonwealth* v. *Thibeau*, 384 Mass. 762, 764 (1981); *Commonwealth* v. *Grinkley*, 44 Mass. App. Ct. 62, 71-72 (1997). Contrast *Commonwealth* v. *Williams*, 422 Mass. 111, 113-114 (1996), where the fleeing defendant discarded his shirt without breaking stride, dropped a beeper, ran through backyards, and scaled chain link fences, and *Commonwealth* v. *Harkess*, 35 Mass. App. Ct. 626, 632 (1993), where the police had information connecting the defendant to a drug and gun group operating where he was spotted, and where he "fled on his own propulsion" after spotting the police at a distance.

Viewed objectively, nothing more happened in this case than that a youth in a high crime area put his hand in his pocket and walked away upon seeing the police. More is needed to create an articulable suspicion. We think the youth's ignoring the direction to stop cannot be treated as affecting the analysis without empowering the police to create articulable suspicion where none existed before.

The judgment is reversed, the finding is set aside, and a new judgment shall enter for the defendant.

*So ordered.*

*Bruce W. Carroll* for the defendant.

*Kristine Luongo Tammaro*, Assistant District Attorney, for the Commonwealth.