NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-12

COMMONWEALTH

vs.

GORGE A. SANCHEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Gorge A. Sanchez, appeals from the denial of his motion to suppress a gun found during a patfrisk.  The defendant asserts that the officer who conducted the patfrisk did not have reasonable suspicion that the defendant was armed and dangerous.  We affirm.

Background.  The facts as found by the motion judge following an evidentiary hearing and supplemented with evidence from the record that are consistent with those findings are as follows.[1]  See Commonwealth v. Garner, 490 Mass. 90, 91, 93-94 (2022).  At about 1 A.M., Trooper Perwak ran a random query of a license plate and learned that the license plate did not match

_____

[1] The Commonwealth offered the sole witness at the motion hearing, Massachusetts State Trooper Gerald Perwak.  The motion judge credited the trooper's testimony in its entirety.

the car to which it was attached.  He pulled the car over.  The trooper, who had decades of experience performing traffic stops, approached the car on the right rear side.  He saw four occupants - one woman in the front passenger seat and three men, one in the driver's seat and two in the back.  He noticed that none of the men were wearing seat belts.  He asked the driver for a license and registration, and he asked the other men for identification for the purpose of issuing them civil citations.

The defendant, who was shirtless, was in the back seat with a T-shirt draped across his lap and his hands by his side.  When the defendant reached into his pants to retrieve his identification, he seemed especially careful not to disturb the shirt, conduct which Trooper Perwak found to be suspicious.  From his experience, Trooper Perwak knew that passengers do not usually reach into their pockets in such a manner, and weapons are often hidden in the waistband area that the defendant had covered with his shirt.

After he obtained the identifications, Trooper Perwak radioed for backup; none of the car's occupants were licensed to drive, and the car had to be towed.  The trooper performed criminal record checks of the occupants and learned that the defendant had prior firearm and assault and battery convictions.  Once backup arrived, the trooper ordered the defendant to get out of the car.  Trooper Perwak escorted the defendant, who was

cooperative, to the back of the car and conducted a patfrisk. He felt a hard object in the defendant's groin area which Trooper Perwack thought was a handgun. He ordered one of the other troopers to handcuff the defendant, and once handcuffed, Trooper Perwak removed the gun from the defendant's clothing.

A complaint issued in the District Court charging the defendant with carrying a firearm without a license, second offense, pursuant to G. L. c. 269, §§ 10 (a) & (d); possession of ammunition without a FID card, pursuant to G. L. c. 269, § 10 (h); possession of a large capacity firearm, pursuant to G. L. c. 269, § 10 (m); and possession of a firearm without a serial number, pursuant to G. L. c. 269, § 11E. The defendant filed a motion to suppress the gun and ammunition. Following an evidentiary hearing, the judge denied the motion.

Discussion. "In reviewing a decision on a motion to suppress, we accept the judge's subsidiary findings absent clear error but conduct an independent review of [the] ultimate findings and conclusions of law" (quotations and citations omitted). Commonwealth v. Douglas, 472 Mass. 439, 444 (2015).

"A patfrisk is a carefully limited search of the outer clothing of [a] person[] . . . to discover weapons for safety purposes. The only legitimate reason for an officer to subject a suspect to a patfrisk is to determine whether he or she has concealed weapons on his or her person" (quotations and

3

citations omitted).  Commonwealth v. Guardado, 491 Mass. 666, 681 (2023).  "The facts and inferences underlying the [trooper's] suspicion must be viewed as a whole when assessing the reasonableness of his acts."  Commonwealth v. Sykes, 449 Mass. 308, 314 (2007), quoting Commonwealth v. Thibeau, 384 Mass. 762, 764 (1981).

Here, Trooper Perwak saw the defendant sitting in the back seat of a car with a T-shirt in his lap.  When he asked the defendant for identification, the defendant took particular care to ensure that the T-shirt remained draped across his lap, undisturbed.  Trooper Perwak's "suspicion . . . was the result of the application of [his] experience . . . to [his] detailed observations of the defendant."  Commonwealth v. DePeiza, 449 Mass. 367, 373 (2007).  The judge found that the defendant attempted to conceal his waistband area, and concluded that this effort to conceal provided "reasonable suspicion to suspect the defendant was armed and dangerous."  Concealment is properly "considered as part of the reasonable suspicion calculus."  Commonwealth v. Matta, 483 Mass. 357, 366 n.8 (2019).  The defendant's "act of concealment heightened the safety concern inherent in every automobile stop and provided an objectively reasonable basis for the officer to take the protective measure[] of [a] . . . patfrisk."  Commonwealth v. Meneide, 89 Mass. App. Ct. 448, 452 (2016).

4

Additionally, the defendant had a prior firearms conviction, as well as convictions for assault and battery. While the defendant's firearms charge was five years old, and knowledge of criminal history alone is not enough to provide reasonable suspicion for a patfrisk, see Commonwealth v. Cordero, 477 Mass. 237, 246 (2017), "[k]nowledge that a suspect's criminal record includes weapons-related offenses may factor into the reasonable suspicion calculus." Garner, 490 Mass. at 92. The defendant asserts that his behavior was innocuous, but the fact that "there may be innocent explanations for the [behavior] does not remove it from consideration in the reasonable suspicion analysis." DePeiza, 449 Mass. at 373.

The defendant's efforts at concealment, together with the trooper's knowledge of the defendant's criminal history, provided reasonable suspicion to believe the defendant was armed

and dangerous.  See <u>Meneide</u>, 89 Mass. App. Ct. at 452.  Cf.
<u>Garner</u>, 490 Mass. at 92, 96.

<u>Order denying motion to
    suppress affirmed</u>.

By the Court (Green, C.J.
    Wolohojian &
    Sullivan, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  June 27, 2023.

---

[2] The panelists are listed in order of seniority.