FREDERICK D. EPPS *vs.* COMMONWEALTH.

Suffolk. October 4, 1994. - December 5, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Controlled Substances. Practice, Criminal*, Appeal.

Where the record of criminal proceedings at a bench trial in the District Court did not support the defendant's contention that he had been acquitted of so much of the charges in the complaint as alleged more than mere possession of a class B controlled substance, the defendant was not entitled to relief under G. L. c. 211, § 3, on the ground that to retry him on his de novo appeal in the original complaint charging possession with intent to distribute and sale within 1,000 feet of a school would offend double jeopardy principles. [98-99]

A single justice of this court did not abuse his discretion in denying relief under G. L. c. 211, § 3, from a District Court judge's denial of a criminal defendant's pretrial motion to dismiss a complaint, where a denial of a motion to dismiss is not appealable until after trial, and the remedy available through the normal appellate process was adequate. [99-100]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on August 2, 1993.

The case was considered by *Nolan*, J.

*John P. Osler*, Committee for Public Counsel Services, for the plaintiff.

*Jane A. Sullivan*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The plaintiff (Epps) appeals from the denial by a single justice of this court of his petition under G. L. c. 211, § 3 (1992 ed.). We affirm the judgment.

Epps was charged in the Roxbury Division of the District Court Department with possession with intent to distribute a

class B controlled substance (G. L. c. 94C, § 32A [1992 ed.]), and possession with intent to distribute a class B controlled substance within 1,000 feet of a school (G. L. c. 94C, § 32J [1992 ed.]).

1. Epps asserts that, in a bench trial in the Roxbury District Court, the judge found him guilty only of possession of a controlled substance, and not of possession with intent to distribute such a substance. The docket of the Roxbury District Court, however, shows convictions of the full offense of possession with intent to distribute and of the offense of such a distribution within 1,000 feet of a school. Epps sought a trial de novo in the Dorchester District Court jury session. He then moved to strike from the complaint (1) so much of the charge of possession with the intent to sell a controlled substance as alleged possession with the intent to sell (count B) and (2) the entire count (count C) concerning a sale within 1,000 feet of a school. Conviction under count C requires proof of possession with intent to sell, and not merely possession of, a controlled substance. The motion to strike was denied. The motion judge found from all the evidence that Epps had been found guilty in the Roxbury District Court of possession with intent to distribute under both counts. At this point Epps unsuccessfully sought relief from the single justice.

If the bench trial judge did not find Epps guilty of possession with the intent to distribute a controlled substance, it would offend double jeopardy principles now to retry Epps on charges based on possession with the intent to sell, and relief pursuant to G. L. c. 211, § 3, would be appropriate. See *Neverson* v. *Commonwealth*, 406 Mass. 174, 175 (1989); *Costarelli* v. *Commonwealth*, 374 Mass. 677, 679-680 (1978). The record, however, does not support Epps's argument that the motion judge erred in finding that the bench trial judge found Epps guilty of more than mere possession. After counsel had argued that the bench trial judge should find Epps not guilty of any intent to distribute, the judge said "I make a finding of guilty on Counts B and C: Possession of Class B and possession within one thousand feet of the

school." This statement, standing alone, is ambiguous, but in context it is not. The docket shows a finding of guilt of each charge without limitation. There is no indication that defense counsel believed that the judge had found Epps guilty of simple possession and thus impliedly acquitted Epps of possession with the intent to sell. If defense counsel had had such a view of the judge's findings, he would be expected to have objected to any sentence being imposed on the school zone count, which has as an underlying offense possession with the intent to sell and not mere possession. The judge's action in sentencing Epps on the school zone count contradicts any claim that the judge found Epps guilty only of simple possession.

2. Epps also moved in the Dorchester District Court jury session for the dismissal of the complaint on the ground of unconstitutional selective enforcement of the school zone statute. He claimed that "discrimination against blacks and hispanics in the Suffolk County District Attorney's plea bargaining decisions in 'school zones' drug cases, G. L. c. 94C, § 32J, constitutes prosecutorial misconduct and violates the rights of those defendants [to equal protection of the laws and due process] under state and federal constitutions." Epps argued that, without any guiding regulations or policies, more than three-quarters (77%) of the school zone cases in Suffolk County against white defendants were dismissed or, in order to avoid the mandatory two-year sentence of § 32J, amended to charge a lesser offense at the prosecutor's request, whereas less than one-half (45%) of the cases in Suffolk County against black or Hispanic defendants were similarly treated. The motion was denied.

Epps sought relief under G. L. c. 211, § 3, from the single justice as to this ruling as well. A denial of a motion to dismiss pursuant to Mass. R. Crim. P. 13 (c) (1), 378 Mass. 871 (1979), may not be appealed until after trial, and relief under G. L. c. 211, § 3, is not available as a matter of right. *Ventresco* v. *Commonwealth,* 409 Mass. 82, 83-84 (1991). The remedy available through the normal appellate process is adequate. Epps has not yet demonstrated that operation of

the allegedly discriminatory practice has prejudiced him. The single justice did not abuse his discretion in declining relief with respect to this claim.

*Judgment affirmed.*