# RESCRIPT OPINIONS.

MICHAEL ROSS vs. COMMONWEALTH. April 18, 1995. *Practice, Criminal*, Appeal, Complaint. *Supreme Judicial Court*, Superintendence of inferior courts.

The plaintiff, Michael Ross, filed a motion to dismiss an amended complaint in the Lynn District Court. See Mass. R. Crim. P. 13 (c) (1), 378 Mass. 871 (1979). The motion to dismiss was denied. Ross then sought relief from the denial of his motion to dismiss pursuant to G. L. c. 211, § 3 (1992 ed.). After hearing, a single justice of this court denied Ross's request for relief. "A denial of a motion to dismiss pursuant to Mass. R. Crim. P. 13 (c) (1) . . . may not be appealed until after trial, and relief under G. L. c. 211, § 3, is not available as a matter of right." *Epps* v. *Commonwealth*, 419 Mass. 97, 99 (1994). "To obtain review, a defendant must demonstrate both a substantial claim of violation of his substantive rights and irremediable error, such that he cannot be placed in statu quo in the regular course of appeal." *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). Ross's claim for review does not meet the two-part test set forth in *Morrissette* v. *Commonwealth, supra.* The single justice did not reserve and report the issue; nor did he decide the issue. He simply denied relief pursuant to G. L. c. 211, § 3. There was no error.

Ross was arrested for violations of G. L. c. 269, §§ 10 (*a*) and 10 (*h*) (1992 ed.). During the discovery period, the prosecutor learned that the more serious crime, violation of G. L. c. 269, § 10 (*a*), was not included in the complaint. The prosecutor sought and obtained a new complaint which charged a violation of G. L. c. 269, § 10 (*a*). Ross seeks to dismiss the new complaint claiming that the prosecutor cannot obtain a new complaint. There is no merit to and no authority for Ross's contention that, prior to trial, the prosecutor could not seek a new complaint with a new charge. The cases relied on by Ross are inapposite. Those cases involve amending a grand jury indictment so as to charge a new crime without a return to the grand jury. That principle is inapplicable to complaints. There was no error.

*Judgment affirmed.*

*Steven A. Colarossi*, for the plaintiff, submitted a brief.