DAVID LOCKS *vs.* COMMONWEALTH. September 20, 1995. *Supreme Judicial Court*, Superintendence of inferior courts.

David Locks filed a motion to dismiss a criminal complaint pending against him in the West Roxbury Division of the District Court Department. See Mass. R. Crim. P. 13 (c) (1), 378 Mass. 871 (1979). The motion to dismiss was denied. Locks then sought relief from the denial of his motion to dismiss pursuant to G. L. c. 211, § 3 (1994 ed.). After hearing, a single justice of this court denied Locks's request for relief. "A denial of a motion to dismiss pursuant to Mass. R. Crim. P. 13 (c) (1) . . . may not be appealed until after trial, and relief under G. L. c. 211, § 3, is not available as a matter of right." *Epps* v. *Commonwealth*, 419 Mass. 97, 99

(1994). "To obtain review, a defendant must demonstrate both a substantial claim of violation of his substantive rights and irremediable error, such that he cannot be placed in statu quo in the regular course of appeal." *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). Locks's claim does not satisfy the two-part test set forth in *Morrissette, supra.* The single justice did not reserve and report the issue; nor did he decide the issue. The single justice simply denied relief pursuant to G. L. c. 211, § 3, in a situation where Locks's rights can be protected in the normal course of appeal.

*Judgment affirmed.*

*Daniel J. Veerman*, for the defendant, submitted a brief.