## ARTHUR JACKSON vs. COMMONWEALTH.

Suffolk. September 9, 1999. - October 14, 1999.

Present: ABRAMS, LYNCH, GREANEY, & MARSHALL, JJ.

*Constitutional Law,* Double jeopardy, Assistance of counsel. *Collateral Estoppel. Practice, Criminal,* Double jeopardy, Sentence, Conduct of prosecutor, Assistance of counsel.

Principles of collateral estoppel or double jeopardy did not apply to bar a prosecution of indictments for armed robbery, where the underlying prior conviction on a complaint of receiving stolen property involving the same property had been vacated upon the defendant's own initiative [262-263]; further, that the defendant had served part of his sentence for receiving stolen property before that conviction was vacated did not require a different result [263-264].

A District Court judge correctly vacated a conviction on a plea of guilty on the defendant's pro se motion for a new trial, where the judge ruled that the defendant had not received a proper colloquy before the plea, and there was no merit to the defendant's claim that he had a right to have had an attorney assist him in moving for a new trial. [264-265]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 24, 1998.

The case was heard by *Ireland,* J.

*Eric S. Brandt,* Committee for Public Counsel Services (*Bruce R. Bono,* Committee for Public Counsel Services, with him) for the plaintiff.

*Stephen D. Fuller,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. The petitioner (whom we shall call the defendant), sought relief from a single justice of this court under G. L. c. 211, § 3, from the denial of his motion to dismiss in the Superior Court. Because the motion was based on double jeopardy grounds, the single justice ruled that the matter was properly before him pursuant to G. L. c. 211, § 3, but denied the petition on the merits. This court determined that the requirements of S.J.C. Rule 2:21 (2), 421 Mass. 1303 (1995), had been

met and permitted the defendant to pursue this interlocutory appeal from the judgment of the single justice.

1. *Facts and procedural history.* The Commonwealth alleged that, on March 20, 1996, the defendant entered a doctor's office in the Jamaica Plain section of Boston and stole $50 or $60 from the doctor and a purse belonging to the doctor's secretary, which contained her checkbook, personal papers, and approximately $50. Later that day, he was arrested in Cambridge for attempting to cash a check belonging to the doctor's secretary.[1] On April 4, 1996, with assistance of counsel, he pleaded guilty to all charges and was sentenced to two and one-half years, with one year to be served and the balance suspended for three years. He was subsequently indicted by a Suffolk County grand jury, and arraigned in the Suffolk Superior Court on two indictments charging armed robbery.[2] He completed the committed portion of his sentence on the receiving stolen property charge, and was released in December, 1996.

In November, 1996, the defendant filed a pro se motion for a new trial in the Cambridge Division of the District Court Department. The judge ruled that the defendant had not received a proper colloquy before the guilty plea, and therefore allowed the defendant's motion and vacated the judgment of conviction. G. L. c. 278, § 29D. See *Commonwealth* v. *Morrow*, 363 Mass. 601, 604-605 (1973) (discussing *Boykin* v. *Alabama*, 395 U.S. 238 [1969]).

In November, 1997, the defendant moved in the District Court to reinstate the receiving stolen property conviction on the ground that his motion for new trial that vacated the conviction should not have been allowed in the absence of counsel who represented him on the robbery charges.[3] The defendant's motion was denied. The defendant then moved in the Superior

---

[1] The defendant was also charged with uttering a false instrument, forgery, possession of a hypodermic needle, and attempt to commit a crime. Only the receiving stolen property charge is pertinent to this review.

[2] The indictments included a charge that the defendant was an habitual criminal under G. L. c. 279, § 25. If convicted, the defendant would be subject to a mandatory term of life imprisonment. See *Commonwealth* v. *Tuitt*, 393 Mass. 801, 812 (1985).

[3] When the defendant was arguing his motion for a new trial, the judge heard from an attorney who happened to be in the courtroom at the time and had spoken with the defendant at the request of court personnel. The attorney told the judge that the motion before the judge affected the robbery charges and that the defendant wanted his attorney to be present at the hearing on the

Court to dismiss the indictments charging armed robbery based on double jeopardy and collateral estoppel. After this motion was denied he sought relief pursuant to G. L. c. 211, § 3.

2. *Double jeopardy.* The crux of the defendant's argument is that, because he was charged and pleaded guilty to receiving stolen property, the armed robbery indictments, which arose from the same circumstances, violated his Federal and State rights against double jeopardy.

Critical to the disposition of this argument is the fact that the defendant, on his own initiative, had his conviction of receiving stolen property vacated. Because there is no longer a final adjudication of guilt or innocence, no double jeopardy is involved. *Commonwealth* v. *Babb*, 389 Mass. 275, 281-282 (1983). "[T]he Double Jeopardy Clause . . . does not relieve a defendant from the consequences of his voluntary choice." *Lydon* v. *Commonwealth*, 381 Mass. 356, 365-366, cert. denied, 449 U.S. 1065 (1980), quoting *United States* v. *Scott*, 437 U.S. 82, 99 (1978). See *Commonwealth* v. *Woods*, 414 Mass. 343, 352-353 (1993) (no government oppression when defendant "himself chose to be tried again" [emphasis omitted]). Because the defendant's double jeopardy rights are not offended, we need not discuss the issue whether one can be convicted of both receiving stolen property and robbery of the same property.[4]

3. *Collateral estoppel.* The defendant's argument that he cannot be tried for armed robbery because of the principle of collateral estoppel fails for substantially the same reason that the double jeopardy argument fails. "Collateral estoppel 'means

_____

motion for a new trial. The judge said he would contact the defendant's attorney so he could be present at a hearing. In the meantime, however, the judge reviewed the transcript and allowed the defendant's motion.

[4]But see *Commonwealth* v *Nascimento*, 421 Mass. 677, 683 (1996), citing *Commonwealth* v. *Haskins*, 128 Mass. 60, 61 (1880) ("it is inconsistent in law for a defendant to be convicted both of stealing property and of receiving the same property"). Under Massachusetts law, "successive takings . . . actuated by a single, continuing criminal impulse or intent or . . . pursuant to the execution of a general larcenous scheme . . . constitute a single larceny." *Commonwealth* v. *Donovan*, 395 Mass. 20, 29 (1985), quoting *Commonwealth* v. *Stasiun*, 349 Mass. 38, 45 (1965). In *Donovan*, the defendant and his accomplice placed a phony night deposit box on a wall of a bank. Over the course of the evening, seven customers placed their deposits in the box. *Id.* at 21-22. We ruled that it was a single larceny. Compare *Commonwealth* v. *Donovan*, *supra*, with *Commonwealth* v. *Murray*, 401 Mass. 771, 775 (1988) (multiple larceny charges proper where defendant wrote 180 unauthorized company checks to himself over five years).

that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' " *Krochta* v. *Commonwealth*, 429 Mass. 711, 715 (1999), quoting *Ashe* v. *Swenson*, 397 U.S. 436, 443 (1970) (no collateral estoppel because probation revocation hearing did not put defendant in jeopardy). In the criminal context, "[t]o prevail under the . . . collateral estoppel doctrine, the defendant must have been placed in jeopardy twice for the same offense." *Commonwealth* v. *Scala*, 380 Mass. 500, 504 (1980), citing *United States ex rel. DiGiangiemo* v. *Regan*, 528 F.2d 1262, 1265 (2d Cir. 1975), cert. denied sub nom. *DiGiangiemo* v. *Olgiatti*, 426 U.S. 950 (1976). Because the defendant's conviction has been vacated, there now is no final determination of the facts in the case and no jeopardy from which the defendant needs protection. Collateral estoppel does not apply.

4. *The defendant's serving a sentence after his guilty plea.* The defendant, relying on *Aldoupolis* v. *Commonwealth*, 386 Mass. 260, cert. denied, 459 U.S. 864 (1982), argues that, because he served his jail sentence for receiving stolen property, it violates double jeopardy now to put him at risk of the Commonwealth's punishing him again. *Id.* at 272, and cases cited ("Once a defendant has served *fully* the proper sentence prescribed by law . . . the State may not punish him again" [emphasis supplied]). The defendant's argument is not persuasive for two reasons. First, the defendant has not served his entire sentence. He served the incarcerated portion of his sentence, but the suspended portion remained in effect at the critical time. Second, the defendant overlooks the fact that the Supreme Court has recognized that double jeopardy protection imposes "no limitations . . . upon the power to retry a defendant who has succeeded in getting his first conviction set aside," *North Carolina* v. *Pearce*, 395 U.S. 711, 718-719 (1969), as long as punishment "exacted [is] . . . 'credited.' " *Id.* at 718-719.[5]

Furthermore, it should be noted that none of the decisions

[5]In *Aldoupolis* v. *Commonwealth*, 386 Mass. 260, 272, cert. denied, 459 U.S. 864 (1982), this court, citing *Albernaz* v. *United States*, 480 U.S. 333, 344 (1981), stated that, for purposes of double jeopardy, it was indorsing the United States Supreme Court's definition of multiple punishment as "that in excess of what a Legislature intended to be the punishment for the particular offense."

relied on by the defendant involved a conviction vacated at the defendant's request. See *United States* v. *Jorn*, 400 U.S. 470 (1971) (plurality opinion) (double jeopardy where trial judge, sua sponte, discharged jury and empanelled another); *Commonwealth* v. *Woodward*, 427 Mass. 659, 684-687 & n.46 (1998) (double jeopardy where Commonwealth sought to vacate lawful sentence and remand for resentencing); *Gallinaro* v. *Commonwealth*, 362 Mass. 728 (1973) (double jeopardy where defendants both fined and sentenced to prison on duplicate indictments); *Commonwealth* v. *Norman*, 27 Mass. App. Ct. 82, *S.C.*, 406 Mass. 1001 (1989) (defendant's intact guilty plea to larceny barred subsequent prosecution for armed robbery); *United States* v. *Arrellano-Rios*, 799 F.2d 520, 523-525 (9th Cir. 1986) (double jeopardy where legal sentence fully served).

The defendant next argues that he should not be bound by the above precedent because his motion was in response to "improper" conduct by the Commonwealth, and therefore his action was not a true "voluntary choice." He relies on *Oregon* v. *Kennedy*, 456 U.S. 667, 679 (1982), and *Commonwealth* v. *Thibeau*, 384 Mass. 762, 764 (1981), in contending that, if improper government conduct induces a defendant to take certain actions, the government cannot then use those actions against the defendant.

The argument is not persuasive. In *Oregon* v. *Kennedy*, *supra* at 671-678, the Supreme Court ruled that double jeopardy would not arise after a defendant's motion for a mistrial unless the prosecutor's conduct was *intended* to provoke the defendant's motion. Here, there is no evidence that the Commonwealth intended to induce the defendant to file his new trial motion.[6]

Nothing turns on the fact that the defendant was acting pro se when he moved for a new trial. Pro se litigants are held to the same standards as practicing attorneys. See *Commonwealth* v. *Jackson*, 419 Mass. 716, 719 (1995), citing *Commonwealth* v. *Barnes*, 399 Mass. 385, 392 (1987).

5. *Right to counsel.* The defendant's argument that he had a constitutional right to have an attorney assist him in moving for a new trial is disposed of by our decision in *Commonwealth* v. *Conceicao*, 388 Mass. 255, 258-264 (1983).

The defendant urges us to consider the fact that the judge

---

[6]Our decision in *Commonwealth* v. *Thibeau*, 384 Mass. 762, 764 (1981), does not aid the defendant. There we ruled that police activity cannot provoke the defendant into conduct that provides the basis for a search.

said that he would contact the defendant's attorney but then simply vacated the guilty plea when he realized that no colloquy had occurred. The defendant requests that we extend the holdings in *Quegan* v. *Massachusetts Parole Bd.*, 423 Mass. 834 (1996) (suggesting right to counsel before parole board by counsel in pending criminal proceedings), and *Commonwealth* v. *Lavin*, 42 Mass. App. Ct. 711, 713 (1997) (stating that prosecutor must keep promises). We decline to do so. The defendant further asserts that we should enforce promises made by a prosecutor. *Commonwealth* v. *Benton*, 356 Mass. 447, 448 (1969). Here the simple answer to that contention is that the prosecutor made no promises to this defendant. Because no colloquy took place before the defendant pleaded guilty, the judge correctly vacated the plea. See G. L. c. 278, § 29D; Mass. R. Crim. P. 12 (c), as amended, 399 Mass. 1215 (1987).

The decision of the single justice, denying the defendant's G. L. c. 211, § 3, petition, is affirmed.

*So ordered.*