SUZANNE CRONIN *vs.* COMMONWEALTH. April 24, 2001. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Suzanne Cronin (petitioner), who sought relief following a District Court judge's denial of a motion to dismiss and of the denial of a motion for reconsideration, now seeks review by the full court of a single justice's denial of relief under G. L. c. 211, § 3. We affirm the judgment of the single justice.

The petitioner, who seeks to appeal under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), based her motion to dismiss on challenges to the actions, and alleged failure to act, of the State police in conjunction with her arrest. A defendant may not appeal from the denial of a motion to dismiss pursuant to Mass. R. Crim. P. 13, 378 Mass. 871 (1979), until after trial. *Ventresco* v. *Commonwealth,* 409 Mass. 82, 83-84 (1991). Moreover, the single justice did not decide the issue or report the matter and did not determine that the denial of the motions met the standard set out in *Morrissette* v. *Commonwealth,* 380 Mass. 197, 198 (1980) (substantial claim of violation of substantive rights and irremediable error). See *Ventresco* v. *Commonwealth, supra* at 83. "General

---

[1]Significantly after August 4, 2000, the date he asserts he learned of the judgment.

Laws c. 211, § 3, is not a substitute for normal appellate review of interlocutory orders." *Id.* at 83-84.

Furthermore, the petitioner has not set forth, as rule 2:21 (2) requires, reasons why she may not adequately obtain review of the District Court judge's decision on appeal or by other means. The petitioner contends her situation is comparable to that of one who argues that, because of double jeopardy principles, she should not be tried a second time. Her assertions regarding alleged deficiencies in the arrest, booking, and citation issuing procedures neither meet the requirement of rule 2:21 (2), nor match the command that one should not be tried a second time.

*Judgment affirmed.*

*H. Brooks Whelan, Jr.*, for the petitioner.