ARTHUR JACKSON *vs.* COMMONWEALTH. June 26, 2002. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Dismissal, Double jeopardy, Interlocutory appeal. *Constitutional Law,* Double jeopardy.

Arthur Jackson appeals from a judgment of a single justice of this court denying his petition under G. L. c. 211, § 3. The appeal is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We affirm.

The essential facts are set forth in *Jackson v. Commonwealth,* 430 Mass. 260 (1999), cert. denied, 528 U.S. 1194 (2000). There we rejected Jackson's claim that prosecution of the armed robbery indictments would violate principles of double jeopardy and collateral estoppel. Subsequently, Jackson filed a motion in the Superior Court seeking to dismiss the armed robbery indictments on the ground that the initiation of the armed robbery charges while his conviction of receiving stolen property was still intact violated his

---

constitutional right of due process. A judge in the Superior Court denied Jackson's motion. Jackson thereafter filed his petition in the county court, again raising his due process claim.[1] In denying the petition, the single justice concluded that the claim could be addressed in an appeal following any conviction, and therefore relief under G. L. c. 211, § 3, was not appropriate.

The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss. See *Esteves* v. *Commonwealth*, 434 Mass. 1003 (2001); *Locks* v. *Commonwealth*, 421 Mass. 1003 (1995); *Ross* v. *Commonwealth*, 420 Mass. 1001 (1995); *Epps* v. *Commonwealth*, 419 Mass. 97, 99 (1994); *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83-84 (1991).

Because of the special nature of the protection against double jeopardy, we have developed the practice, described in *Neverson* v. *Commonwealth*, 406 Mass. 174, 175-176 (1989), where a criminal defendant who raises a double jeopardy claim of substantial merit is afforded interlocutory review of that claim by a single justice pursuant to G. L. c. 211, § 3. Indeed, that is how the petitioner in this case arrived here previously, and what prompted us to consider his double jeopardy claim in *Jackson* v. *Commonwealth, supra*. The petitioner contends that his due process claim should be given like treatment, because the nature of the alleged due process violation is such that, if he is correct, the Commonwealth would be precluded from prosecuting him at all on the armed robbery indictments. The petitioner claims, citing *Blackledge* v. *Perry*, 417 U.S. 21 (1974), that the alleged violation could not be adequately remedied following an appeal from a conviction.

The petitioner cites no case in which we have held that a due process claimant, like a double jeopardy claimant, is entitled to review pursuant to G. L. c. 211, § 3. Indeed, there are cases where we have addressed due process claims similar to the petitioner's on direct appeal following conviction. See, e.g., *Commonwealth* v. *Johnson*, 406 Mass. 533, 536-539 (1990); *Commonwealth* v. *McGovern*, 397 Mass. 863, 865-867 (1986).

While recognizing that there may be some due process claims that warrant the same extraordinary treatment afforded to double jeopardy claimants, we hold only that the petitioner has failed in his memorandum and record appendix pursuant to rule 2:21, to compel us to the conclusion that his is such a claim. Thus, he has failed to demonstrate that an appeal following conviction on the armed robbery charges would not be adequate, and the order of the single justice therefore is affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Arthur Jackson*, pro se.

---

[1] Jackson also raised a double jeopardy claim that he contends differs from the claim he raised, and we considered, in *Jackson* v. *Commonwealth*, 430 Mass. 260 (1999), cert. denied, 528 U.S. 1194 (2000). He has failed to articulate a meaningful difference.