LEONARD B. HARMON *vs.* COMMONWEALTH. March 12, 2003. *Supreme Judicial Court*, Appeal from order of single justice. *Mandamus.*

Leonard B. Harmon appeals from the denial of his petition for a "writ of mandamus and prohibition," without a hearing, by a single justice of this court. In his petition, Harmon essentially sought review of the denial of his motions to dismiss several misdemeanor charges pending in the District Court, alleging that he had been deprived of a hearing before a clerk-magistrate prior to the issuance of criminal process in violation of G. L. c. 218, § 35A. We affirm.

It is well settled that relief in the nature of mandamus is extraordinary and may be granted only to prevent a failure of justice in instances where there is no alternative remedy. *Callahan* v. *Superior Court*, 410 Mass. 1001 (1991), and cases cited. Here, Harmon is seeking an order which would reverse the interlocutory decisions made in the District Court. "We have stated, however, that mandamus will not issue to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an

---

issue properly before him or her." *Id.* at 1001. Harmon has an alternative remedy, namely, an appeal after trial in the event he is convicted. *Id.* Therefore, denial of his petition was appropriate. See *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002), and cases cited.[1]

*Judgment affirmed.*

The case was submitted on briefs.

*Leonard B. Harmon*, pro se.

---

[1]Furthermore, Harmon failed to file a memorandum in compliance with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), setting forth "the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." See *Cronin* v. *Commonwealth*, 434 Mass. 1001 (2001).