CHUKWUMA E. AZUBUKO *vs.* COMMONWEALTH. December 21, 2012. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Dismissal, Appeal, Interlocutory appeal.

Chukwuma E. Azubuko appeals from the denial, by a single justice of this court, of an application for leave to appeal that he filed in the county court pursuant to Mass. R. Crim. P. 15, as appearing in 422 Mass. 1501 (1996). In December, 2010, Azubuko was charged in the District Court with operating a motor vehicle with a suspended license and various civil motor vehicle infractions. He filed a motion to dismiss, which was denied. He then sought leave to appeal from that ruling. He now appeals from the single justice's order denying leave to appeal.

Rule 15 has no application where a judge in the trial court denies a defendant's motion to dismiss in a criminal case. Rule 15 (a) (1) applies when a judge allows a defendant's motion to dismiss; the rule recognizes the Commonwealth's right to appeal in that situation. Rule 15 (a) (2) does not apply to rulings on motions to dismiss. There simply is no mechanism in Rule 15 for a defendant whose motion to dismiss has been denied to seek leave to pursue an interlocutory appeal from that ruling.[1]

---

[1]Even if there were a right to apply pursuant to Rule 15 for leave to appeal in this situation, which there is not, there would be no right to appeal (as Azubuko has done here) from a single justice's denial of leave to appeal. Cf. *Cowell* v. *Commonwealth*, 432 Mass. 1008 (2000) ("Neither the Commonwealth nor a defendant may appeal to the full court

Nor was Azubuko entitled to relief from the single justice under G. L. c. 211, § 3. "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." *Jackson* v. *Commonwealth,* 437 Mass. 1008, 1009 (2002), and cases cited. The only exception we have recognized is where a defendant's motion to dismiss raises a double jeopardy claim of substantial merit. *Id.* To that end, we allow the defendant to obtain review of the claim on the merits before trial. *Id.,* citing *Neverson* v. *Commonwealth,* 406 Mass. 174, 175-176 (1989). Nothing in Azubuko's convoluted submission to the single justice remotely suggested the assertion of a double jeopardy claim having substantial merit. The single justice was thus correct to deny extraordinary relief under G. L. c. 211, § 3, in these circumstances.

*Judgment affirmed.*

*Chukwuma E. Azubuko,* pro se.

from a single justice's denial of an application for leave to pursue an interlocutory appeal").

