NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12158

COMMONWEALTH  vs.  WILLIAM J. HEBB.


Suffolk.     February 7, 2017. - June 30, 2017.

Present:  Gants, C.J., Lenk, Hines, Gaziano, Lowy, & Budd, JJ.


Motor Vehicle, Operating under the influence.  Constitutional
    Law, Double jeopardy.  Practice, Criminal, Double jeopardy,
    Verdict.



Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on July 19, 2016.

The case was reported by Spina, J.


Christopher DeMayo for the defendant.
Donna-Marie Haran, Assistant District Attorney, for the
Commonwealth.
Timothy St. Lawrence, pro se, amicus curiae, submitted a
brief.


HINES, J.  In this case, we decide whether double jeopardy

principles preclude the Commonwealth from retrying the defendant

on a complaint charging a violation of G. L. c. 90,

§ 24 (1) (a) (1), on the theory of operation of a motor vehicle

with a percentage of alcohol in his blood of .08 or greater (per

se violation), after a jury acquitted him on the theory of operation of a motor vehicle while under the influence of intoxicating liquor (impaired ability violation). The Commonwealth prosecuted the one-count complaint on both theories, and after the jury returned a verdict on the impaired ability violation only, the judge declared a mistrial on the per se violation. A new complaint issued charging only a per se violation of G. L. c. 90, § 24 (1) (a) (1). Claiming that retrial violated his double jeopardy rights where the complaint issued after an acquittal on the impaired ability violation, the defendant filed a motion to dismiss the complaint. The judge denied the motion.

The defendant sought relief in the county court pursuant to G. L. c. 211, § 3. The case is before us on a reservation and report from a single justice of this court. We conclude that double jeopardy principles do not preclude retrial where the Commonwealth prosecuted the case on both theories and the jury reached a verdict on only one of those theories.

Background. We set forth the facts the jury could have found. On May 16, 2013, the defendant was struck by a vehicle while he was operating his motorcycle on a public way.[1] At the scene of the collision, the defendant admitted to having had

---

[1] The parties stipulated that the defendant was operating his motorcycle on a public way.

several alcoholic beverages and was uncooperative with the paramedics. After the defendant complained of pain, he was transported to the Milford Hospital emergency department.

The treating physician observed that the defendant's skin appeared "flushed" and that his speech was slurred, and detected "an odor of alcohol on [his] breath." Based on these observations, the physician determined that the defendant was "intoxicated[,] probably with alcohol." With the defendant's consent, medical personnel drew blood samples for alcohol levels to be determined. Subsequent testing of the blood samples by a blood analyst in the State police crime laboratory showed a blood alcohol level of .133. On cross-examination, the blood analyst acknowledged that the tubes holding the defendant's blood samples also contained an anticoagulant to prevent blood clotting and that if the anticoagulant is not properly activated, the blood sample could clot, and yield an artificially high blood alcohol test result.

During closing arguments, defense counsel urged a finding that the defendant had not been impaired while operating his motorcycle, and that the blood alcohol test results were unreliable because the Commonwealth failed to present evidence that the anticoagulant was properly activated prior to testing. The prosecutor argued that (1) the defendant's behavior and appearance at the scene of the collision and at the hospital

proved the impaired ability violation; and (2) the defendant's blood alcohol level of .133 proved the per se violation.

The verdict slip conformed to the complaint, charging both the impaired ability violation and the per se violation, and provided the jury the following options:  (I) "Operating a Motor Vehicle Under the Influence of Liquor:  1.  Not Guilty; 2.  Guilty"; and (II) "Operating a Motor Vehicle with a Blood Alcohol Level of .08% or greater:  1.  Not Guilty; 2.  Guilty." During the deliberations, the jury reported in writing the following:  "Made decision on first count; however, saw evidence that was supposed to be redacted, swaying our decision [on the second count].  What is our next step?"  In response, the judge summoned the jury to the court room and conducted a voir dire. During the colloquy, the judge learned that although the information indicating that the defendant was being prosecuted for a fourth offense had been redacted from the exhibits, the jury were able to discern the word "fourth" next to OUI.  This information swayed the jury's decision as to option II, the per se violation, but not as to option I, on which the jury returned a not guilty verdict.  The jury left the verdict slip blank for option II, marking neither "not guilty" nor "guilty." Accordingly, the judge accepted the verdict on option I and declared a mistrial on option II.

In December, 2015, a second criminal complaint issued

against the defendant, charging one count of operating with a blood alcohol level percentage of .08 or greater, fourth violation, under G. L. c. 90, § 24 (1) (a) (1). The defendant filed a motion to dismiss, arguing that retrial violated his double jeopardy rights. A second judge denied the motion, and the defendant filed a petition pursuant to G. L. c. 211, § 3, seeking review of that judge's order. A single justice of this court reserved and reported the case to the full court on August 12, 2016.

Discussion. Generally, "[t]he denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule." Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002). However, we have recognized a limited exception "where a defendant's motion to dismiss raises a double jeopardy claim of substantial merit." Azubuko v. Commonwealth, 464 Mass. 1002, 1003 (2012). Because the double jeopardy issue raises a question of law, our review of the judge's decision is de novo. See Commonwealth v. Rodriguez, 476 Mass. 367, 369 (2017); Commonwealth v. Carlino, 449 Mass. 71, 72 n.7 (2007).

In its broadest sweep, "[t]he double jeopardy principle 'protects against three specific evils -- "a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for

the same offense"'" (citation omitted). Commonwealth v. Brown, 470 Mass. 595, 603 (2015). The "evil" to be prevented by the double jeopardy principle in the circumstances presented by this case is a second prosecution after an acquittal. Thus, the issue to be decided here is whether an acquittal of only one of the charged violations is, in effect, an acquittal of both violations. We conclude that it is not.

First, the statute as written provides that a defendant may be convicted on one or both violations. In 2003, the Legislature amended G. L. c. 90, § 24 (OUI statute), "to strengthen the protections afforded the public from drivers who might be impaired by the consumption of alcohol." Commonwealth v. Colturi, 448 Mass. 809, 813 (2007). With this amendment, "the Legislature added language to the OUI statute, making it a violation to operate a motor vehicle not only under the influence of intoxicating liquor [(impaired ability violation)], but also with a blood alcohol level of .08 or more [(per se violation)]." Id. at 811. Thus, the statutory framework created by the 2003 amendment established alternative theories under which a violation of the OUI statute could be charged and proved, each containing a factual element not necessary to prove the other. See Commonwealth v. Filoma, 79 Mass. App. Ct. 16, 20 (2011). In other words, to prove a per se violation of the OUI statute, the Commonwealth need not establish that the defendant

was under the influence of intoxicating liquor.  See G. L. c. 90, § 24 (1) (a) (1).  See also Filoma, supra.  Likewise, to prove an impaired ability violation of the statute, the Commonwealth need not show that the defendant's blood alcohol level was .08 per cent or more.  See id. at 20-21.

Here, the complaint charged the defendant with an impaired ability violation and, in the alternative, a per se violation.  Thus, the charging decision was consistent with the legislative purpose to minimize the risk to public safety from drivers who are either actually impaired or presumed to be impaired based on their blood alcohol level.  Consistent with its charging decision, the Commonwealth affirmatively pursued both alternatives at trial, and the verdict slip permitted the jury to choose either or both alternatives.

Second, "the protection of the [d]ouble [j]eopardy [c]lause by its terms applies only if there had been some event, such as an acquittal, which terminates the original jeopardy."  Commonwealth v. Johnson, 426 Mass. 617, 625 (1998), quoting Richardson v. United States, 468 U.S. 317, 325 (1984).  And, as we have said, "where a verdict does not specifically resolve all the elements of the offense charged, it is defective and cannot operate as either an acquittal or a conviction," Brown, 470 Mass. at 603-604, and thus does not trigger double jeopardy protections.  Therefore, double jeopardy protections were not

triggered here, because the jury's not guilty verdict on the impaired ability charge did not resolve the factual element necessary to establish a per se violation -- that the defendant operated a motor vehicle with a blood alcohol level of .08 per cent or greater. The jury's resolution of that factual element, a live issue in the prosecution, was foreclosed by the mistrial declaration. In sum, the double jeopardy bar does not prohibit the Commonwealth from seeking to retry a defendant "where other theories (supported by evidence at a first trial) would support a defendant's conviction in the second." Marshall v. Commonwealth, 463 Mass. 529, 538 (2012).

Our conclusion that double jeopardy principles do not bar retrial on the per se violation where the defendant was acquitted on the impaired ability violation is consistent with this court's application of double jeopardy principles in cases involving trials for murder under multiple theories. For example, in Commonwealth v. Zanetti, 454 Mass. 449, 459-461 (2009), we held that the Commonwealth could retry a defendant for murder on a theory on which the jury had not reached a verdict at the first trial. Likewise, in Brown, 470 Mass. at 605-606, we held that where the jury in the first trial failed to reach a verdict on the "facts and merits" of the charge of murder in the first degree on the theory of deliberate premeditation, double jeopardy principles did not prohibit the

Commonwealth from retrying the defendant on that theory at a second trial. "The 'interest in giving the prosecution one complete opportunity to convict those who have violated its laws' justifies treating the jury's inability to reach a verdict as a nonevent that does not bar retrial." Yeager v. United States, 557 U.S. 110, 118 (2009), quoting Arizona v. Washington, 434 U.S. 497, 509 (1978).

The defendant contends that the United States Supreme Court's decision in Sanabria v. United States, 437 U.S. 54 (1978), forecloses retrial on the per se violation because the jury acquitted him on the impaired ability violation. We disagree. In Sanabria, the trial judge entered an acquittal on the entire count charging violations of 18 U.S.C. § 1955, "without specifying that [the judge] did so only with respect to one theory of liability." Id. at 67. Because Sanabria is distinguishable from this case, it does not advance the defendant's argument.

Conclusion. For the reasons explained above, we remand the matter to the county court for entry of an order denying the defendant's G. L. c. 211, § 3, petition.

So ordered.