NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12408

FRANKLIN B. ABERNATHY  vs.  COMMONWEALTH.


May 24, 2018.


Supreme Judicial Court, Superintendence of inferior courts.


Franklin B. Abernathy appeals from a judgment of the county
court denying, without a hearing, his petition for relief under
G. L. c. 211, § 3.  In 2014, Abernathy's convictions of breaking
and entering during the daytime with intent to commit a felony
and of possession of burglarious tools were affirmed by the
Appeals Court, and we denied further appellate
review.  Commonwealth v. Abernathy, 85 Mass. App. Ct. 1117,
S.C., 469 Mass. 1101 (2014).  Abernathy filed a motion for a new
trial, claiming that the indictments were defective.  That
motion was denied; the denial was affirmed by the Appeals Court,
and we denied further appellate review.  Commonwealth
v. Abernathy, 91 Mass. App. Ct. 1119, S.C., 478 Mass. 1103
(2017).  In addition, Abernathy filed his G. L. c. 211, § 3,
petition, which was denied while the latter application for
further appellate review was pending.  We affirm the denial of
relief.

Abernathy has filed a memorandum and appendix pursuant to
S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which
requires a party challenging an interlocutory ruling of the
trial court to "set forth the reasons why review of the trial
court decision cannot adequately be obtained on appeal from any
final adverse judgment in the trial court or by other available
means."  That rule does not apply, as Abernathy is not
challenging an interlocutory ruling of the trial court.
Nonetheless, it is clear on the record that Abernathy had, and
pursued, an adequate remedy in the ordinary process, namely, his
appeal from the denial of his motion for a new trial.  "Our

general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course."  Bishay v. Land Ct. Dep't of the Trial Court, 477 Mass. 1032, 1033 (2017), quoting Fennick v. Kittredge, 460 Mass. 1012, (2011).[1]

Judgment affirmed.


The case was submitted on the papers filed, accompanied by a memorandum of law.

Franklin B. Abernathy, pro se.

---

[1] Abernathy also contends that a systemic problem exists in the justice system.  "This claim is beyond the scope of rule 2:21, which concerns only the alternative remedies, if any, available to the particular petitioner.  Moreover, the single justice did not decide the petition on the merits or report the case to the full court to address [the] claim of systemic error, and we are loath to second-guess [his] discretion in this respect."  Benjamin B. v. Commonwealth, 478 Mass. 1012, 1013 n.3 (2017), citing Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002).