NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-154

COMMONWEALTH

vs.

SABBAN SAKIB.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial in the District Court, a jury found the defendant, Sabban Sakib, guilty of violating G. L. c. 90, § 24 (1) (a) (1) (2018), by operating a motor vehicle while having a blood alcohol percentage of .08 or greater (per se theory) and acquitted him of operating under the influence of liquor (impairment theory).  The judge denied the defendant's postverdict motion for a required finding of not guilty, pursuant to Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995).  On appeal, the defendant repeats his postverdict claim that the acquittal under the impairment theory precluded a conviction under the per se theory.  We affirm.

Verdicts.  Contrary to the defendant's contention, his conviction on a per se theory is not barred merely because the jury acquitted him under the impairment theory.  The language of G. L. c. 90, § 24 (1) (a) (1), "mak[es] it a violation to operate a motor vehicle not only under the influence of intoxicating liquor, but also with a blood alcohol level of .08 or more."  Commonwealth v. Colturi, 448 Mass. 809, 811 (2007).  A defendant may be charged under both theories and "may be convicted on one or both violations."  Commonwealth v. Hebb, 477 Mass. 409, 412 (2017).  See Colturi, supra at 810, 817 (violation of statute may be established under "either" theory).

To the extent that the defendant contends that the verdicts are factually or legally inconsistent, we disagree.  "[A] defendant is not entitled to relief where a jury returns factually inconsistent verdicts; problems arise only where verdicts are legally inconsistent -- i.e., where, removed from the factual context of the particular case, the government could not possibly have proved the elements of both crimes with respect to the defendant."  Commonwealth v. Elliffe, 47 Mass. App. Ct. 580, 584 (1999).  Here, there was no inconsistency because each theory required "proof of at least one element that the other does not."  Commonwealth v. Walters, 485 Mass. 271, 294 n.22 (2020).  For example, the per se theory did not require proof that the defendant was under the influence of intoxicating

liquor; likewise, the impairment theory did not require proof of the defendant's blood alcohol level. See Hebb, 477 Mass. at 412. Jurors could have rationally concluded that the defendant had a blood alcohol percentage of .08 or above but displayed insufficient indicia of impairment during his interaction with the officer who stopped his vehicle. Thus, the verdicts were not inconsistent.

We also disagree with the defendant's contention that double jeopardy barred the defendant's conviction under the per se theory. Protection against double jeopardy prohibits a second prosecution for the same offense after acquittal or conviction, or multiple punishments for the same offense. See Hebb, 477 Mass. at 411-412. This claim fails because the defendant has not suffered multiple prosecutions or punishments for the same offense. See id.

Other claims. For the first time on appeal, the defendant raises four additional claims: (1) the defendant's probation sentence under G. L. c. 90, § 24D (2018), was illegal; (2) the Legislature's selection of .08 as a blood alcohol level is unconstitutional; (3) the jury instructions on the per se theory and impairment theory were "confusing, misleading, ambiguous, and inconsistent"; and (4) the per se theory is unconstitutional because the Legislature cannot create a "second and legally inconsistent theory" under G. L. c. 90, § 24 (1) (a) (1). None

3

of the additional claims evince any error, let alone a "substantial risk of a miscarriage of justice." Commonwealth v. Freeman, 352 Mass. 556, 564 (1967).

As to sentencing, defense counsel agreed to the sentence, stating, "I think that's a standard [G. L. c. 90, §] 24D, 45-day loss of license. And I think that's essentially what the statute calls for, Judge." We do not consider the contrary position that the defendant now takes, especially where the sentence imposed required the defendant's consent. See G. L. c. 90, § 24D. The Legislature's selection of .08 as a legal standard was a judgment uniquely within its prerogative. See Luk v. Commonwealth, 421 Mass. 415, 429 (1995) ("decision of which [strategy] is the most effective way of dealing with this pervasive [highway safety] problem is left to the Legislature"). As to the jury instructions, the judge properly distinguished between liability under the per se theory and liability under the impairment theory and the instructions accurately stated the law. See Colturi, 448 Mass. at 817 (proper to instruct on both per se theory and impairment theory). Finally, the Supreme Judicial Court has repeatedly determined that alternative theories of prosecution are permitted by G. L. c. 90, § 24 (1) (a) (1). See, e.g., Hebb, 477 Mass. at 412; Colturi, supra at 810-811. Thus, the record does not indicate any error

4

creating a "substantial risk of a miscarriage of justice."

Freeman, 352 Mass. at 564.

Judgment affirmed.

By the Court (Desmond, Grant & Hodgens, JJ.[1]),

Clerk

Entered:  April 25, 2025.

---

[1] The panelists are listed in order of seniority.