COMMONWEALTH *vs.* ROBERT BONCORE. June 9, 1992. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Appeal by Commonwealth, Interlocutory appeal. *Constitutional Law*, Waiver of constitutional rights. *Waiver.*

The Commonwealth appeals from the denial by a single justice of this court of its request for leave to appeal a suppression ruling by a Superior

---

Court judge. The challenged ruling suppressed statements made by the defendant, Robert Boncore, to the police. Because there is no right to appeal from a determination by a single justice denying an application for leave to appeal, see G. L. c. 278, § 28E (1990 ed.), and Mass. R. Crim. P. 15 (b) (2), 378 Mass. 882 (1979), this appeal is not properly before us. See also *Commonwealth* v. *Dunigan*, 384 Mass. 1, 2 (1981). The Commonwealth claims to have been misdirected by a clerk.[1] Therefore, we shall treat "the claim of appeal in this case as a proceeding under [G. L.] c. 211, § 3." *Id.*[2]

The first issue argued by the Commonwealth concerns a factual finding by the motion judge. A lieutenant of the Winthrop police department gave conflicting testimony whether Boncore or the police initiated an interrogation after Boncore asserted his constitutional right to remain silent by saying, "No comment," to an incriminatory question. The motion judge stated in his findings that, after "assessing [the witness's] demeanor on the witness stand, reflecting at length on [the witness's] entire examination, considering the balance of credible evidence at the hearing and considering in that light which version of [the witness's] testimony is most consistent, . . . on this critical issue [the judge credited] the testimony of [the witness that the police initiated the interrogation]."

A judge's "resolution of conflicting testimony will be accepted." *Commonwealth* v. *Santo*, 375 Mass. 299, 303 (1978). "A judge's subsidiary findings will not be disturbed if they are warranted by the evidence." *Commonwealth* v. *Amazeen*, 375 Mass. 73, 77 n.2 (1978). There is, therefore, no merit to the Commonwealth's claim that we should accept its view of which part of the witness's testimony is credible. Credibility is for the fact finder, not an appellate court.

The Commonwealth's second argument is that Boncore never invoked his right to remain silent, and therefore the judge's ruling suppressing Boncore's statements is erroneous. The Commonwealth argues that Boncore never expressly stated that he invoked his right to remain silent. The evidence indicates that, aside from some background questions, Boncore was unresponsive or said, "No comment." On being allowed to use the telephone, Boncore telephoned his father and asked his father to locate his (Boncore's) brother, an attorney. The judge found that, with the

---

[1]The Commonwealth asserts, and we accept its assertion (although there is no record support for it), that the Commonwealth tried to proceed pursuant to G. L. c. 211, § 3 (1990 ed.), and a clerk directed the Commonwealth to file a notice of appeal. It goes without saying that, if a party may appeal without the single justice's allowance of an application for leave to appeal, the statute and the rule would be meaningless. After the date of this opinion, we shall not credit any claim of misdirection.

[2]Because the Commonwealth may not appeal after trial, it has no appellate remedy. Hence, G. L. c. 211, § 3, may be invoked.

help of an officer related to Boncore's wife, the police thereafter initiated an interrogation.[3]

The "heavy" burden of proving a waiver of a constitutional right is on the Commonwealth. See *Miranda* v. *Arizona*, 384 U.S. 436, 475 (1966). "Explicit statements that [Boncore] understood his rights and waived them [are] not essential." *Commonwealth* v. *Valliere*, 366 Mass. 479, 487 (1974). " '[C]ourts indulge every reasonable presumption against waiver' of fundamental constitutional rights." *Johnson* v. *Zerbst*, 304 U.S. 458, 464 (1938), quoting *Aetna Ins. Co.* v. *Kennedy*, 301 U.S. 389, 393 (1937). The evidence and reasonable inferences therefrom support the judge's determination that Boncore indicated his desire "to remain silent" and that Boncore's request was not "scrupulously honored." Thus, the motion judge did not err in suppressing Boncore's statements. Consequently, there can be no error or abuse of discretion in the single justice's exercise of his discretion to deny the Commonwealth's application for an interlocutory appeal. The appeal was meritless. Therefore, the order of the single justice denying the Commonwealth's application for an interlocutory appeal shall stand.

*So ordered.*

*Marian T. Ryan*, Assistant District Attorney, for the Commonwealth.
*Eileen D. Agnes* for the defendant.

---

[3]Additionally, the judge found that one officer said to Boncore that he knew Boncore had "troubles with the Colombians." The judge found that Boncore responded he would be "a dead man" if taken to Charles Street jail. According to the judge, the officer indicated that he "could be helpful to Boncore in avoiding that circumstance."