COMMONWEALTH *vs.* GEOVANNI RIVERA. February 7, 1997. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Appeal by Commonwealth, Interlocutory appeal.

The Commonwealth purports to appeal from an order of a single justice denying its application for leave to appeal from the allowance of the defendant's motion to suppress in the Superior Court. See Mass. R. Crim.

P. 15 (b) (2), 378 Mass. 882 (1979). *See also* G. L. c. 278, § 28E. The Commonwealth states in its notice of appeal, which it filed in the county court, that it "claims its appeal pursuant to" G. L. c. 211, § 3.

This matter is not properly before us. As we held in *Commonwealth* v. *Dunigan*, 384 Mass. 1, 3-5 (1981), and thereafter in *Commonwealth* v. *Boncore*, 412 Mass. 1013, 1014 (1992), no appeal lies from the denial by a single justice of an application for leave to appeal in these circumstances. We stated in those cases that the Commonwealth's sole remedy would be to file a petition before the full court pursuant to G. L. c. 211, § 3, and we cautioned that we would exercise our power under that statute only in exceptional circumstances. *Dunigan, supra* at 5. We also made clear in *Boncore* that we would be unwilling to indulge the Commonwealth in future cases such as this where it follows the wrong procedure. *Id.* at 1014 n.1.

The Commonwealth's reference to G. L. c. 211, § 3, in its notice of appeal is not an adequate substitute for a petition properly filed before the full court. While there may be some similarities in the appeal and petition procedures, there are also substantial differences. A petition can be disposed of comparatively quickly, and, unlike an appeal, may be resolved with an order and not necessarily an opinion, and without the need for full briefing and oral argument. The filing of an appeal, as the Commonwealth has done here, effectively negates the single justice's role as gatekeeper, renders meaningless the rule and statute, and unnecessarily delays the resolution of the matter. Cf. *Leaster* v. *Commonwealth*, 385 Mass. 547 (1982) (holding that no appeal lies from a single justice's order as a gatekeeper pursuant to G. L. c. 278, § 33E). Contrast *Commonwealth* v. *Kuszewski*, 385 Mass. 802 (1982) (holding that Commonwealth may appeal to full court after a single justice grants defendant's application for leave to appeal and orders that motion to suppress be allowed).

*Appeal dismissed.*

*Lori K. Odierna*, Assistant District Attorney, for the Commonwealth.

*Thomas F. McGuire*, for the defendant, submitted a brief.