RICHARD GLAWSON *vs.* COMMONWEALTH (No. 2). December 12, 2005. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Assistance of counsel.

Richard Glawson appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Glawson is a defendant in a criminal case pending in the Superior Court. At an early stage of pretrial proceedings, he was permitted to proceed pro se. Thereafter, however, another judge found that Glawson has "an extensive history of disruptive courtroom behavior including swearing at session judges . . . and, on at least one occasion, feigning a seizure." The judge also found that Glawson "has a history of violence within and outside of state penal institutions." During one court room hearing, Glawson "upended the large table at which he was seated, nearly striking the prosecutor and breaking the table. He then let fly a stream of obscenities at the court, reflected in the transcript." Based on that behavior, the judge revoked the order allowing Glawson to proceed pro se and appointed counsel to represent him. Glawson challenged those orders by filing a G. L. c. 211, § 3, petition in the county court. While not denying that he had engaged in such behavior, he claimed that his behavior did not warrant denying him the right to proceed pro se, and that the judge denied him that right without affording him due process.

Because the case is an appeal from a single justice's denial of relief from interlocutory orders entered in the trial court, S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), applies. Glawson can adequately obtain review of the judge's orders on appeal from any final adverse judgment. Claims of denial of the right of self-representation are regularly raised and considered by appellate courts in direct appeals following convictions. See, e.g., *Faretta* v. *California,* 422 U.S. 806 (1975) (defendant raised issue of right to self-representation on direct appeal from conviction); *Commonwealth* v. *Tuitt,* 393 Mass. 801 (1985) (same); *Commonwealth* v. *Chapman,* 8 Mass. App. Ct. 260 (1979) (reversing conviction on direct appeal based on violation of defendant's right to self-

representation). Accordingly, Glawson cannot satisfy his burden under rule 2:21 of demonstrating no adequate alternative remedy.

*Judgment affirmed.*

The case was submitted on briefs.

*Richard Glawson*, pro se.