DAVID GOGUEN *vs.* COMMONWEALTH. July 27, 2010. *Supreme Judicial Court*, Appeal from order of single justice.

David Goguen appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Goguen, who is the subject of criminal charges pending in the Superior Court, moved unsuccessfully to suppress certain evidence. He applied for leave from a single justice of this court to appeal from the suppression ruling, Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996), to no avail. He then filed a petition pursuant to G. L. c. 211, § 3, seeking reversal of the denial of his motion to suppress, or, in the alternative, leave to pursue an interlocutory appeal on the matter. That petition was denied without a hearing.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Goguen cannot satisfy his burden under the rule of demonstrating that he is without an adequate alternative remedy: he has already availed himself of the opportunity to seek leave to pursue an interlocutory appeal (albeit unsuccessfully), and can still raise his challenge to the suppression ruling in a direct appeal if he is convicted after trial. We reject his argument that, because a motion to suppress involves constitutional rights, and can sometimes spell the end of a prosecution, his situation is analogous to that of a defendant who properly raises a double jeopardy claim under G. L. c. 211, § 3. See *Neverson v. Commonwealth*, 406 Mass. 174, 175 (1989). We have consistently

rejected attempts to extend the very limited exception for double jeopardy claims to other types of claims (both constitutionally based and nonconstitutional) that can be raised in pretrial motions. See *King* v. *Commonwealth*, 442 Mass. 1043 (2004) (rejecting comparison of unconstitutional preindictment delay to double jeopardy, for purposes of right to review under G. L. c. 211, § 3); *Gouin* v. *Commonwealth*, 439 Mass. 1013 (2003) (rejecting comparison of lack of subject matter jurisdiction to double jeopardy); *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002) (rejecting comparison of due process claim to double jeopardy).[1]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Richard A. Cutter* for the petitioner.


---

[1]Goguen's reliance on *Commonwealth* v. *Dunigan*, 384 Mass. 1, 4-5 (1981), is misplaced. There, we held that the *Commonwealth* may, in an exceptional circumstance, petition the full court pursuant to G. L. c. 211, § 3, to challenge a single justice's denial of leave to appeal from a suppression ruling because the Commonwealth has no other avenue of relief. *Id.* at 5. Accord *Commonwealth* v. *Rivera*, 424 Mass. 1007, 1008 (1997). A defendant, by contrast, can challenge the denial of a motion to suppress on appeal from a conviction. Moreover, Goguen's specific challenge to the motion ruling in this case presents no exceptional circumstances.