NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13481

HAMID REZA ARDANEH <u>vs</u>.  COMMONWEALTH.

November 7, 2023.

<u>Supreme Judicial Court</u>, Superintendence of inferior courts.


The petitioner, Hamid Reza Ardaneh, is awaiting trial on
indictments for rape, strangulation or suffocation, and other
offenses.  See <u>Ardaneh</u> v. <u>Commonwealth</u>, 492 Mass. 1019, 1019
(2023)(<u>Ardaneh [No. 3]</u>).  Acting on his own behalf, he filed
papers in the county court citing G. L. c. 211, § 3 (general
superintendence); G. L. c. 249, § 5 (relief in the nature of
certiorari); G. L. c. 278, § 28E (certain interlocutory
appeals); 28 U.S.C. § 1292 (<u>b</u>) (interlocutory appeals in Federal
court); and Mass. R. Crim. P. 15, as amended, 476 Mass. 1501
(2017) (certain interlocutory appeals), seeking review of the
denial of various pretrial motions and correction of other
alleged errors.[1]  A single justice of this court considered the
papers and denied all requests for relief, and Ardaneh appeals.
We affirm.

After his appeal was entered in this court, Ardaneh filed a
brief, as well as a memorandum and appendix pursuant to S.J.C.
Rule 2:21, as amended, 434 Mass. 1301 (2001).  That rule applies
when a single justice "denies relief from an interlocutory
ruling in the trial court," and requires the appellant to "set
forth the reasons why review of the trial court decision cannot
adequately be obtained on appeal from any final adverse judgment
in the trial court or by other available means."  <u>Id</u>.  This
obligation coincides with the burden borne by a petitioner

_____

[1] Among the papers were a motion to discharge counsel and a
motion to recuse the Superior Court judge.  We consider both
motions pursuant to G. L. c. 211, § 3.

seeking extraordinary relief to demonstrate the absence or inadequacy of alternative remedies. See, e.g., Ardaneh (No. 3), 492 Mass. at 1020; Chawla v. Appeals Court, 482 Mass. 1001, 1002 (2019). Regardless of whether rule 2:21 applies to all of Ardaneh's claims, a review of his submissions and the record before the single justice leads us to conclude that the single justice neither erred nor abused his discretion in denying relief.

This is the fourth time that Ardaneh has sought some form of extraordinary relief from this court arising out of the same underlying criminal proceedings. In each of the three prior appeals, the court affirmed the judgments denying relief. See Ardaneh (No. 3), 492 Mass. at 1019; Ardaneh v. Commonwealth, 487 Mass. 1030, 1031 (2021) (Ardaneh [No. 2]); Ardaneh v. Commonwealth, 486 Mass. 1005, 1006 (2020) (Ardaneh [No. 1]). Each time, we concluded that Ardaneh failed to demonstrate that review of his claims could not adequately be obtained in the trial court or on appeal from any conviction. See Ardaneh (No. 3), 492 Mass. at 1021; Ardaneh (No. 2), 487 Mass. at 1030, quoting Ardaneh (No. 1), 486 Mass. at 1006 ("to the extent that Ardaneh seeks relief 'from what he perceive[s] to be general injustices done to or imposed on him' in the trial court, '[h]is claims [do] not present a situation warranting extraordinary superintendence relief directly from this court'"). We reach the same conclusion here.

As he has previously, "Ardaneh claims very generally and among other things that he has been falsely accused of the criminal conduct for which he was indicted; that he has exculpatory evidence to prove his innocence; that the evidence does not support the indictments; that his constitutional rights, including the right to effective assistance of counsel, have been violated; and that he has been improperly detained." Ardaneh (No. 3), 492 Mass. at 1019. See Ardaneh (No. 2), 487 Mass. at 1030; Ardaneh (No. 1), 486 Mass. at 1005-1006. Without overly retreading the same ground, to the extent that Ardaneh seeks review of issues related to motions to suppress, although he could seek leave from the single justice to "appeal an order determining a motion to suppress evidence prior to trial," Mass. R. Crim. P. 15 (a) (2), there is "no right to appeal (as [Ardaneh] has done here) from a single justice's denial of leave to appeal."[2] Azubuko v. Commonwealth, 464 Mass. 1002, 1002 n.1

---

[2] Ardaneh also cites 28 U.S.C. § 1292 (b), which applies to interlocutory appeals in Federal court. It does not apply to Ardanah's request for an interlocutory appeal in State court.

(2012). He "'can still raise his challenge to the suppression ruling [and related issues] in a direct appeal if he is convicted after trial.'" Torres v. Commonwealth, 487 Mass. 1010, 1011 (2021), quoting Goguen v. Commonwealth, 457 Mass. 1006, 1006 (2010).

To the extent Ardaneh challenges the denial of a motion to dismiss, "'[t]he denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule.'" Ardaneh (No. 3), 492 Mass. at 1020, quoting Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002). The same is true when such a motion is predicated on speedy trial claims. See Flood v. Commonwealth, 465 Mass. 1015, 1017 (2013) (no right to interlocutory review of motion to dismiss on speedy trial grounds). Likewise, the denial of Ardaneh's motion to recuse the Superior Court judge may be addressed in a direct appeal. See Torres, 487 Mass. at 1011. The same is also true of Ardaneh's motion to discharge counsel. See Glawson v. Commonwealth, 445 Mass. 1021, 1021 (2005). To the extent Ardaneh challenges the denial of other motions seeking additional forms of relief, or raises other claims of error, he similarly failed to demonstrate that review of those matters cannot adequately be obtained on direct appeal following any conviction. See, e.g., Tavares v. Commonwealth, 481 Mass. 1044, 1044 (2019). The single justice neither erred nor abused his discretion in denying relief.[3] See Commonwealth v. Fontanez, 482 Mass. 22, 25 (2019).

---

Cf. Foreign Auto Import, Inc. v. Renault Northeast, Inc., 367 Mass. 464, 468 (1975).

[3] Two other points bear mention. First, with respect to Ardaneh's allegation that the single justice failed to "[r]eview the motions to [s]uppress, motions to [d]ismiss, and motions to [g]rant [a]ppropriate [r]elief," there is nothing to support that claim. Moreover, as stated, we have reviewed the record and agree with the single justice that relief was not warranted.

Second, to the extent that Ardaneh complains that the trial court record was not assembled and transferred to the county court, there was no error. To the extent the argument concerns Ardaneh's requests for extraordinary relief, it was his "burden to create a record -- not merely to allege but to demonstrate, i.e., to provide copies of the lower court docket entries and any relevant pleadings, motions, orders . . . or other parts of the lower court record necessary to substantial [his]

As noted supra, this is Ardaneh's fourth attempt to seek extraordinary relief from this court -- arising from the same underlying criminal proceedings -- to correct alleged errors that may be reviewed on the ordinary course of trial and appeal. See Ardaneh (No. 3), 492 Mass. at 1021; Ardaneh (No. 2), 487 Mass. at 1030; Ardaneh (No. 1), 486 Mass. at 1006.  In Ardaneh (No. 3), supra, we cautioned Ardaneh that "further attempts to obtain [extraordinary] relief in similar circumstances may result in the imposition of sanctions."  This case was pending in the county court at the time Ardaneh (No.3) was decided. Although we do not impose sanctions now, we emphasize that Ardaneh is on notice that "further attempts to obtain [extraordinary relief] in similar circumstances may result in the imposition of sanctions."  Id.

Judgment affirmed.


The case was submitted on the papers filed, accompanied by a memorandum of law.

Hamid Reza Ardaneh, pro se.

---

allegations" that relief is warranted.  Gorod v. Tabachnick, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998).  To the extent the argument concerns Ardaneh's application for interlocutory review, the single justice did not authorize an interlocutory appeal, see Mass. R. Crim. P. 15 (a) (2), and no assembly was required pursuant to Mass. R. A. P. 8, as appearing in 481 Mass. 1611 (2019).  See Ramos v. Commonwealth, 485 Mass. 1004, 1004 (2020).